373 So.2d 494 (1979)
Jimmy THRASHER
v.
Johnny LEGGETT, d/b/a Johnny Leggett's Cajun Country.
No. 63788.
Supreme Court of Louisiana.
June 25, 1979.
*495 John T. Bennett, Riddle & Bennett, Marksville, for plaintiff-applicant.
Michael F. Kelly, Marksville, for defendant-respondent.
CALOGERO, Justice.
We granted writs in this case primarily to re-examine our holding in Pence v. Ketchum, 326 So.2d 831 (La.1976) that an alcoholic beverage retailer's sale of alcoholic beverages to an intoxicated person in violation of R.S. 26:88(2)[1] gives rise to a cause of action by such a patron who suffers injuries as a result of the intoxication.[2]
The facts of this caee as found by the trial court and the Court of Appeal are that plaintiff, Jimmy Thrasher, entered the Cajun Country bar and dance hall on the evening of July 15, 1977, and after having an indeterminate number of drinks, began harassing his estranged wife and her companion. Because of this disturbance he was asked to leave by Dale Perkins, a bouncer at the club. Plaintiff left, went to several other bars in the area, then returned to the Cajun Country. Although Thrasher was visibly intoxicated, defendant's employees served him additional drinks. When plaintiff began threatening his estranged wife and shouting profanities, he was warned by *496 Perkins that if he persisted, he would have to leave. Plaintiff, however, continued his disruptive behavior until Dale Perkins escorted him from the club onto a porch outside the club's entrance. Cursing and shouting that no one would keep him out of the club, plaintiff reached for the door, then attempted to strike Perkins. Perkins threw up his arms to block the blow and plaintiff, on the rebound, fell from the porch and broke his ankle. Perkins and another of defendant's employees picked the defendant up off the ground and sat him on the steps of the porch. Shortly thereafter, a friend of plaintiff's took him home.
Plaintiff's suit for injuries sustained as a result of the fall alleged that defendant's employees were negligent in using unreasonable force in removing him from the club and that the defendant breached his statutory duty not to serve alcoholic beverages to an intoxicated person. The trial court relying on Pence v. Ketchum, supra, found that defendant had a duty not to sell alcohol to plaintiff, that removing plaintiff from the club in his condition was negligence, and that defendant's employees had the last clear chance to avoid the accident.
The Court of Appeal reversed, concluding that the facts of this case were distinguishable from the facts in Pence in that here the intoxicated plaintiff caused a disturbance through his loud and abusive language which required the defendant to remove him[3] and that it was plaintiff's own aggressive behavior which resulted in his injury.
This issue was addressed in Lee v. Peerless, 248 La. 982, 183 So.2d 328 (1966). In that case this Court held that an action for damages founded on the unlawful sale of alcohol to a patron in violation of R.S. 26:88(2) did not lie against the retailer of alcoholic beverages because the patron is guilty of contributory negligence in choosing to imbibe and because it is the consumption of the alcohol and not the sale of it which is the proximate cause of the ensuing harm. Moreover, the Court in Lee observed that Louisiana has never had a civil damage or "dramshop" statute and that it was beyond the judicial function to hold that R.S. 26:88(2) created by implication any such action.
The Lee decision was overruled by this Court in Pence wherein we held that a violation of R.S. 26:88(2) followed by harm to the intoxicated patron resulting from the intoxication gives rise to a cause of action against the vendor of the alcohol. Pence further held that the defendant in that case was liable under La.Civ.Code arts. 2315 and 2316 for breaching the duty which a business invitor owes to avoid affirmative acts increasing the risk of peril to an intoxicated person.
Upon further consideration we now conclude that the opinions of this Court in Lee and Pence were each in part correct and in part incorrect. To the extent that Pence, the most recent decision of this Court, is in conflict with this opinion, it is overruled.
There is, and should be, no absolute liability imposed upon an alcoholic beverage retailer for the consequences of a patron's intoxication. As this Court observed in Lee, Louisiana has never had a civil damage or "dramshop" statute.[4] Regardless of whether the prohibition of R.S. 26:88(2) is purely and simply criminal in nature or has attendant civil consequences the cause more proximate to an injury to an inebriated patron which results from his intoxication is the consumption of the alcohol and not the sale. There is a real element of contributory *497 negligence implicit in this situation. There is therefore no need to consider the bar owner's conduct under a duty-risk analysis. And while the Court in Pence may have been correct in concluding that under the facts of that case the bar owner had the last clear chance to avoid the injury by not ejecting the plaintiff onto a busy highway in a helpless condition, that decision is of little comfort to plaintiff here. Plaintiff's injury did not result from defendant's failure to prevent plaintiff's injury, but rather from plaintiff's own aggressive, violent behavior. In any event the person who voluntarily engages in drinking has the most proximate opportunity to avoid the effects of intoxication by desisting from drinking or from drinking to excess.
On the other hand our decision in Pence was correct in finding that Article 2315 imposes upon a bar owner a duty to avoid affirmative acts which increase the peril to an intoxicated patron. That duty is discussed by Prosser in the following language: "There may be no duty to take care of a man who is ill or intoxicated, and unable to look out for himself; but it is another thing to eject him into the danger of a railroad yard; and if he is injured there will be liability." Prosser, Law of Torts, § 56, p. 343. Accordingly it is not inappropriate as in Pence to find that a proprietor who closes his establishment and puts an intoxicated patron out on a busy highway breaches his duty not to increase his patron's peril.
Under Article 2315 the proper standard to determine whether a bar owner has breached his duty to an intoxicated patron is whether his conduct was that generally required of a reasonable man under like circumstances.[5] Applying this standard to the instant case, we conclude that the defendant is not responsible for the ensuing harm to this patron caused, not by any affirmative act of defendant's, but simply by plaintiff's inebriated condition. The conduct of defendant's bouncer, Dale Perkins, did not fall short of that standard of conduct generally required of a reasonable man in this situation. Defendant was obligated by law (R.S. 26:88(5)) to maintain order in his club and owed a duty to other patrons to protect them from plaintiff's threatening and disruptive behavior. Defendant's bouncer had a right and a duty to remove plaintiff from the premises with reasonable force under the circumstances. Perkins used no undue force in escorting plaintiff from the club onto the porch; he simply placed his arm around plaintiff's shoulder and walked him to the door. Even when plaintiff attempted to strike him, Perkins simply raised his arms to break the force of plaintiff's blow. After plaintiff fell from the porch, Perkins and another employee picked him up from the ground, removed him from the parking lot and sat him on the porch to wait for a friend who promised to drive him home. We conclude therefore that plaintiff's injury was caused not by a breach of duty by the bar owner or his bouncer but rather by plaintiff's own obstreperous behavior.
For these reasons we conclude that the Court of Appeal was correct in reversing the judgment of the lower court. On the record evidence as that court viewed it, and with which we agree, plaintiff did not prove his entitlement to damages from defendant for his injuries.

Decree
Accordingly, the judgment of the Court of Appeal is affirmed.
AFFIRMED.
MARCUS, J., concurs and assigns reasons.
DENNIS, J., dissents, being of the opinion that Pence v. Ketchum should not be modified and that the trial court's decision was supported by the evidence.
*498 MARCUS, Justice (concurring).
In affirming the judgment of the court of appeal, I would overrule our decision in Pence v. Ketchum, 326 So.2d 831 (La.1976). I consider that Lee v. Peerless, 248 La. 982, 183 So.2d 328 (1966) is a correct interpretation of the law. See my dissent in Pence v. Ketchum, supra. Accordingly, I respectfully concur.
NOTES
[1] R.S. 26:88 provides in pertinent part:

"No person holding a retail dealer's permit... shall do or permit any of the following acts to be done on or about the licensed premises:
. . . . .
(2) Sell or serve alcoholic beverages to any intoxicated person. ..."
[2] Some members of the Court were prompted in voting to grant writs by a different inclination, that is, to apply Pence v. Ketchum, affirm the trial court's judgment and reverse the Court of Appeal.
[3] R.S. 26:88(5) prohibits a retailer of alcoholic beverages from permitting "any disturbance of the peace ... on the licensed premises."
[4] In those states which have enacted "Dram Shop" or Civil Liability Acts strict liability, irrespective of negligence, is imposed upon the seller of intoxicating liquors when the sale results in harm to third persons because of the purchaser's intoxicating. See Prosser, § 81, p. 539. Even when there is a civil statutory remedy, the consumer of the alcohol is frequently denied recovery for his own injuries because the statutes are construed to allow recovery only to innocent third parties. See Cookinham v. Sullivan, 23 Conn.Sup. 193, 179 A.2d 840 (1962); Martinson v. Monticello Municipal Liquors, 209 N.W.2d 902 (Minn.1973).
[5] See, e. g. Brown v. Liberty Mutual Insurance Co., 234 La. 860, 101 So.2d 696 (1958) in which the Court defined the standard under Article 2315 as a "common-sense test ... how would a reasonably prudent man have acted or what precautions would he have taken if faced with similar conditions and circumstances?"