**Deborah FARRINGTON, Individually and as natural tutrix of the minor child, Christine Farrington, Plaintiff-Appellee,**

v.

**HOUSTON'S INC. and Union Indemnity Insurance Company of New York, Defendants-Appellants.**

No. 84–3323

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1985.

Rehearing and Rehearing En Banc Denied March 18, 1985.

Lindsay A. Larson, III, James Hanemann, Jr., New Orleans, La., for defendants-appellants.

Lawrence D. Wiedemann, W. Lloyd Bowers, New Orleans, La., for plaintiff-appellee.

Before CLARK, Chief Judge, POLITZ, and GARWOOD, Circuit Judges.

PER CURIAM:

In an action for negligence, Houston's, Inc. and Union Indemnity Insurance Company seek review of the district court's charge to the jury. Finding no error, we affirm.

Kerry Farrington died in an automobile accident in Metairie, Louisiana. Before the accident, Farrington had spent eight or nine hours consuming alcoholic beverages at three local restaurants and lounges. Farrington arrived at Houston's, the third establishment, several hours before the accident. He was either intoxicated when he arrived at Houston's or became intoxicated while there. Houston's employees served alcoholic beverages to Farrington during his stay. After creating a disturbance, Farrington was ejected from Houston's by Houston's employees. Farrington drove away, struck a tree, and was killed.

Farrington's wife, Deborah Farrington, brought this diversity action on behalf of herself and the Farrington's minor daughter. Deborah Farrington sought to recover from Houston's and its insurer, Union Indemnity, for Houston's negligence in serving Kerry Farrington when he was intoxicated. The jury returned a verdict against Houston's and Union Indemnity, but found that Kerry Farrington was eighteen percent at fault. Thus, the damages were reduced by eighteen percent.

Houston's and Union Indemnity contend that the district court erred in its charge to the jury. On the issue of negligence, the court gave the following charge:

"Negligence" is the failure to use reasonable care. "Reasonable care" is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in "doing" something that a reasonably careful person would "not" do under like circumstances or in "failing" to do something that a reasonably careful person "would" do under like circumstances.
· * * * * * *

In addition to this general standard, the following specific statute is applicable to the Defendant's conduct: Louisiana Revised Statutes, Section 26:88 provides that no person holding a retail dealer's permit and no agent, associate, employee, representative, or servant of any such person shall sell or serve alcoholic beverages to any intoxicated person on or about the licensed premises. If you find that Defendant has violated this statute, it does not mean that Defendant is necessarily liable in this case. There are other rules you must apply, which I shall now set forth.

Louisiana law also provides that business invitors, such as Houston's, have a duty to avoid affirmative acts which increase the peril of an intoxicated person. However, a bar owner is also obligated to maintain order in his establishment and owes a duty to other persons to protect them from another person's disruptive and threatening behavior.

The ordinarily prudent person will normally obey the statutes which apply to his conduct; but, in exceptional circumstances, even a violation of the statute may be reasonable. You must consider, in light of all the circumstances, whether an ordinarily prudent person in Defendant's would be reasonable in violating the statute. If so, then the violation is not substandard conduct; but, if not, the violation is unreasonable and therefore below the standard of care to which we hold the Defendant in this case.

In summary, in order to find the Defendant's conduct sub-standard, you must find that, as an ordinarily prudent person under all the circumstances surrounding his conduct, the Defendant should have reasonably foreseen that, as a result of his conduct, such ... injury as the Plaintiffs suffered would occur, and you must find that it failed to exercise reasonable care to avoid the injury.

Houston's and Union Indemnity argue that the court should not have allowed the jury to consider section 26:88 in determining whether Houston's was negligent. They contend that the court's instruction is contrary to *Thrasher v. Leggett*, 373 So.2d

494 (La.1979). In *Thrasher*, the Louisiana Supreme Court denied recovery to a bar patron who was injured after being served alcoholic beverages while intoxicated. The court held that the bar owner could not be held liable because the patron's injury was caused by his consumption of the alcohol, not its sale. The patron's contributory negligence obviated any need for the court to evaluate the bar owner's conduct under a negligence standard. *Id.* at 496–97. Since *Thrasher*, Louisiana has adopted the concept of comparative negligence. La. Civ.Code Ann. art. 2323 (West Supp.1984). Farrington's contributory negligence presents no bar to his recovery, and we must now address a question that *Thrasher* left unresolved.

Under Louisiana law, the standard for determining "whether a bar owner has breached his duty to an intoxicated person is whether his conduct was that generally required of a reasonable man under like circumstances." *Thrasher*, 373 So.2d at 497. This is the same standard given to the jury by the instruction in the present case. In *Thrasher*, the court stated that section 26:88(5) obligated the bar owner to maintain order in his establishment and to protect other patrons from disruptive behavior. *Id.* By relying on section 26:88(5) in determining that the bar owner was not negligent, the court at least suggested that the criminal statute was an appropriate factor for the jury to consider in this case.

Other Louisiana courts have used section 26:88 as a factor for determining civil liability. *See, e.g., Chausse v. Southland Corp.*, 400 So.2d 1199 (La.App.), *writs denied*, 404 So.2d 497, 498 (La.1981). In *Boyer v. Johnson*, 360 So.2d 1164, 1168–69 (La.1978), the Louisiana Supreme Court stated that, although violation of a criminal statute does not automatically create civil liability, the statute could be used as a guideline for determining an analogous standard of due care in a civil case.

The district court's instruction did not state or imply that a violation of section 26:88 violated any duty to Kerry Farrington. It did not state that a violation of the statute established any civil cause of action. The instruction stated only that the statute was one of several discretionary factors for the jury to consider in determining negligence. The court did not err by allowing the jury to consider section 26:88.

AFFIRMED.