525 So.2d 355 (1988)
Wilbur J. BROWN, Jr.
v.
Brenda Price WOLFE, et al.
No. CA 87 0309.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
*356 Lennie Perez, and John Digiulo, Baton Rouge, for plaintiff-appellant Wilbur J. Brown, Jr.
Nathan Wilson, and Frank Fertitta, Baton Rouge, for defendant-appellee Brenda P. Wolfe.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal of a judgment dismissing the plaintiff's claim for damages against the City of Baton Rouge and the Parish of East Baton Rouge.

FACTS
On Secretary's Day, April 19, 1982, Brenda Price Wolfe was given the afternoon off from work, with pay. On her way home she lost control of her car and struck a pedestrian, Wilbur J. Brown, Jr. As a result of the accident the plaintiff suffered injuries which eventually led to the amputation of a leg. Brenda Price Wolfe was employed by the City of Baton Rouge/Parish of East Baton Rouge in the building maintenance department.
The plaintiff brought suit against Brenda Price Wolfe, her liability insurer, State Farm Insurance Co., and her employer, the City of Baton Rouge and Parish of East Baton Rouge. State Farm was voluntarily dismissed after it paid him its policy limits of $25,000.
The plaintiff alleges that Wolfe became intoxicated at an office party and alleges liability on the part of the City-Parish on the basis of respondeat superior. It is additionally asserted that the City-Parish is independently negligent in allowing Wolfe to leave work intoxicated.
The trial court found that Wolfe was negligent in the operation of the automobile and solely at fault in the accident; that she was employed by the City-Parish but was not in the course and scope of her employment at the time of the accident; that the evidence was not sufficient to show that Brenda Price Wolfe got intoxicated at work or that her employer noticed she was intoxicated at all; and that there existed a possible time lapse between the time Brenda Price Wolfe left the office and the time of the accident.
Based on these findings the trial court awarded judgment in favor of the plaintiff and against Brenda Price Wolfe in the amount of $425,000, subject to a $25,000 credit, but dismissed the claim against the City-Parish.
The plaintiff appeals the dismissal of the claim against the City-Parish.

RESPONDEAT SUPERIOR
In the usual sense, a person driving to or from work is not considered to be in the course and scope of his employment. Rollins v. New York Fire and Marine Underwriters, Inc., 225 So.2d 663 (La.App. 3rd Cir.), writ refused, 254 La. 855, 227 So.2d 595 (1969). No facts were presented that would show any reason to remove this case from the normal rule of law. The trial court found that Brenda Price Wolfe was not in the course and scope of her employment at the time of the accident. We find no error in its judgment.

INDEPENDENT NEGLIGENCE OF CITY-PARISH
The appellant contends that the City-Parish is primarily negligent. More precisely, he contends that Wolfe's supervisor, Ray Miller, was negligent in giving her the afternoon off and that he knew or should have known of her intoxication.
Much of the trial record and the appellant's brief is devoted to whether Brenda Price Wolfe was intoxicated at the time of the accident and whether she became intoxicated at an office party. We do not find it necessary to make this determination since we find no breach of duty on the part of the City-Parish if she were intoxicated.
The Louisiana Supreme Court faced this issue in a factually similar case, Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). The court held that an employer who provided his employees with an office party and served intoxicating beverages would have a standard of duty no higher *357 than that of a bar owner. That duty is to avoid affirmative acts which increase the risk of peril to an intoxicated person. As stated by the court "[e]victing the plaintiff, from the party onto a busy street, might have been such an affirmative act, but permitting him to leave the party was not." Sanders, 385 So.2d at 776; See also Thrasher v. Leggett, 373 So.2d 494, 497 (La.1979).
Even if we assume that Brenda Price Wolfe was intoxicated, the duty of the City-Parish would not be higher than that of a bar owner, as set forth in Sanders.
The appellant asserts that Ray Miller's act of allowing Brenda Price Wolfe to take the afternoon off is an affirmative act.
In Thrasher v. Leggett, 373 So.2d at 497, the Supreme Court stated that ejection of an obviously intoxicated person by a bar owner might be an affirmative act. However, the discussion there included a bar owner forcing a patron out whereas here the employer did not order the employee to leave but merely offered to allow her the afternoon off in recognition of her employment history and Secretary's Day. We find this case to be more factually in line with Sanders and hold that allowing an employee to have the afternoon off is more analogous to allowing them to leave than ejecting them. Even if Brenda Price Wolfe were intoxicated, the employer did not owe a higher duty than to avoid affirmative acts which increase the risk of peril. We find no breach of that duty present.[1]
We affirm the judgment of the trial court. All costs are assessed against the appellant.
AFFIRMED.
NOTES
[1] Because the operative facts in this case occurred in 1982, we need not address the effect of La.R.S. 9:2800.1, added by Acts 1986, No. 18, § 1, effecitve June 6, 1986, which limits the liability of those serving or furnishing alcoholic beverages on their premises