**Sheila MAYO, et al.**

v.

**The HYATT CORPORATION, et al.**

**Civ. A. No. 87–1129.**

United States District Court,
E.D. Louisiana.

Aug. 15, 1989.

Joseph Maselli, Jr., Plauche & Maselli, New Orleans, La., for plaintiffs.

Craig R. Nelson, Hulse, Nelson & Wanek, New Orleans, La., for defendants.

ORDER AND REASONS

MENTZ, District Judge.

The uncontested material facts in this case are as follows. Just before midnight on February 17, 1986, Jack Mayo, plaintiff's husband, fell down several steps at the Hyatt Regency Hotel in New Orleans, Louisiana. Blood tests performed after the accident revealed that Mr. Mayo had an alcohol level over three times the legal limit of alcohol intoxication. Urine tests were positive for cocaine, totaling greater than three micrograms per milliliter. This is considered to be a significant amount of cocaine in his system. Such amount of alcohol and cocaine in his system impaired his ability to determine if descending stairs could be done safely.

Based on the foregoing undisputed facts, defendant, the Hyatt Corporation (Hyatt), moves for summary judgment on the ground that Mr. Mayo, being in this state of alcohol and drug intoxication, was 100 percent contributorily negligent in causing his own accident and that the Hyatt had no duty under Louisiana law to protect plaintiff's drunk husband. The Court will grant Hyatt's motion.

In support of its position, the Hyatt relies on two Louisiana cases. In *Thrasher v. Leggett*, 373 So.2d 494 (La.1979), plaintiff, a drunk patron at a bar, began threatening his estranged wife and shouting profanities. He continued this disruptive behavior until defendant's bouncer escorted him onto a porch outside the club's entrance. Outraged that he was removed from the club, plaintiff attempted to strike the bouncer, who blocked the blow with his arms. Plaintiff fell from the porch and broke his ankle. The bouncer and another employee then picked the plaintiff off the ground and sat him on the porch to wait for a friend who promised to drive him home. Plaintiff sued alleging that defendant's employees were negligent in using unreasonable force in removing him from the club and that defendant breached its statutory duty not to serve alcoholic beverages to an intoxicated person.[1]

---

1. R.S. 26:88(2) provided that "no person holding a retail dealer's permit ... shall do or permit

Focusing on plaintiff's behavior, the Court stated "There is a real element of contributory negligence implicit in this situation. There is therefore no need to consider the bar owner's conduct under a duty-risk analysis....[2] Plaintiff's injury did not result from defendant's failure to prevent plaintiff's injury but rather from plaintiff's own aggressive, violent behavior. In any event, a person who voluntarily engages in drinking has the most proximate opportunity to avoid the effects of intoxication by desisting from drinking or from drinking to excess." *Id.* at 497.

Nevertheless, the Louisiana Supreme Court ruled that a bar owner has a duty to avoid affirmative acts which increase peril to an intoxicated patron. The Court held that defendant's conduct did not fall short of that standard of conduct generally required of a reasonable man in the situation and that plaintiff's injury was not caused by any affirmative act of the bar owner, but simply plaintiff's own "inebriated condition" and obstreperous behavior." *Id.*

Second, Hyatt cites *Gregor v. Constitution State Ins. Co.*, 534 So.2d 1340 (La. App. 4th Cir.1988), *writ denied*, 536 So.2d 1238 (La.1989), an innkeeper-guest situation where the guest went on the roof of the utility shed, intoxicated, in order to clean up debris on the roof. He subsequently recklessly jerked up a loose, lightweight piece of wood, fell off the roof, and injured himself. Plaintiff sued alleging that the defendant was negligent in failing to install a railing on the utility shed roof. Examining the issue of negligence, the Court recognized that an innkeeper owes his guests a high degree of care and protection. A basic element of this duty is to maintain the premises in a reasonably safe condition. Even considering this greater than ordinary standard of care, the Court held that the defendant had no duty to install a railing on the utility shed roof. The Court also stated that even if the de-

fendant owed a duty to its guests to keep the utility shed roof free of debris, the risk posed by such conduct would be that an object might slide off the roof and injure someone below. That duty would not have covered the risk that an intoxicated guest would, on his own initiative, climb on the pitched roof and jerk up a loose piece of wood, causing him to fall to the ground. Further, any causal relationship between the breach of such a duty and the plaintiff's injury would be too attenuated. The Court stated: "Plaintiff, it seems, would like the court to recognize a general duty owed by the defendants to have made the premises 'inebriate proof.' But, ... we are unable to recognize such a duty. In *Thrasher v. Leggett*, the Louisiana Supreme Court relied heavily on the idea that man has a free will and is responsible for harm to himself as a result of voluntary intoxication. In the case at bar, as in *Thrasher*, the cause more proximate to plaintiff's injuries was his voluntary intoxication, not the conduct of any of the defendants." *Id.* at 1344.

In an innkeeper-guest relationship, as in the case at bar, the innkeeper owes a greater than ordinary standard of care. *Gregor*, 534 So.2d at 1343. It has been held that an innkeeper owes a duty to maintain the premises in a reasonably safe condition and state of repair. *Id.* It has also been held that an innkeeper has a duty to protect his guests from foreseeable criminal actions of third parties. *Banks v. Hyatt Corp.*, 722 F.2d 214 (5th Cir.1984). Finally, where a business establishment serves intoxicating beverages to a patron, the owner has a duty to act like a "reasonable man" in the situation to not take "affirmative acts" to increase his patron's peril. *Thrasher*, 373 So.2d 494. The Louisiana Legislature has espoused the policy that those who consume alcoholic beverages in this State are responsible for injuries they inflict upon others or themselves. *See* La.R.S. 9:2800.-

any of the following acts to be done on or about the licensed premises: (2) sell or serve alcoholic beverages to any intoxicated person...." *See* current R.S. 26:90(A)(2).

**2.** *Thrasher* was decided when contributory negligence was a complete bar to recovery in tort actions. Louisiana now applies principles of comparative negligence, whereby plaintiff's award is merely reduced by the percentage of his own negligence. La.Civ.Code Art. 2323.

1(A) ("The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, *is the proximate cause of any injury,* including death and property damage, inflicted by an intoxicated person *upon himself* or upon another person") (emphasis added). Thus, the bar owner's liability to his patrons is very limited. With regard to injury to a patron who becomes intoxicated at the bar, the bar owner simply has the duty to not take affirmative acts which would place the patron in increased peril. *See Thrasher* 373 So.2d 494. The responsibility of one who did *not serve* the alcoholic beverages to the intoxicated person would be no greater.

In the case at bar, the Hyatt did not serve Mr. Mayo the intoxicating beverages. There is no allegation that the Hyatt premises were not in a reasonably safe condition. Nor were there any criminal acts of third parties from which the Hyatt failed to protect Mr. Mayo. Rather, the Hyatt is being sued on the ground that it failed to protect Mr. Mayo from himself. He was drunk to a level which was three and one-half times the level of intoxication and had injested a significant amount of cocaine. There is no allegation that the Hyatt security officer took *affirmative actions* which increased the peril to Mr. Mayo. There is no evidence that he led Mr. Mayo to the stairs or was rough with him, causing his fall. Rather, it is undisputed that once Mr. Mayo refused to take the elevator and headed towards the stairs, the officer simply held Mr. Mayo by the arm and proceeded down the stairs with him. The only witness who can testify as to the accident, the security officer, testified that Mr. Mayo jerked his arm out of the officer's hand and proceeded rapidly down the stairs.

Under Louisiana jurisprudence, the Hyatt had a duty not to take "affirmative acts" to *increase* its patron's peril. There is no evidence that the actions of the Hyatt security officer *increased* the danger to Mr. Mayo. Rather, Mr. Mayo of his own volition chose to take the stairs instead of the elevator as the security officer suggested. The actions of the Hyatt officer were only passive, in that he assisted Mr. Mayo

as Mr. Mayo proceeded down the stairs. Under the facts of this case, the Hyatt breached no duty to its patron, Mr. Mayo, under Louisiana law. Rather, the sole cause of the accident was Mr. Mayo's negligence.