552 So.2d 1285 (1989)
Mr. and Mrs. Walter FREEMAN
v.
The ESTATE OF Linda YOUNG, TGI Friday, Inc. and ABC Insurance Co.
No. 89-CA-332.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1989.
Writ Denied January 26, 1990.
*1286 Ronald A. Welcker, New Orleans, for plaintiffs/appellants.
Madeleine Fischer, Alexander H. Plache, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant/appellee.
Before KLIEBERT, GAUDIN and WICKER, JJ.
WICKER, Judge.
This appeal arises from a wrongful death action filed on behalf of the decedent by Mr. and Mrs. Walter Freeman (Freeman), plaintiffs/appellants, against defendants/appellees, the Estate of Linda Young (Young), her insurer, and TGI Fridays, Inc. (TGI). Freeman alleges TGI was negligent serving alcohol to Young and that this negligence was a proximate cause of the collision which resulted in the death of their daughter. The sole issue on this appeal is whether the trial judge correctly granted a motion for summary judgment in favor of TGI, dismissing plaintiffs' claims against that defendant. Freeman now appeals. We affirm.
Plaintiffs/appellants allege Young was intoxicated at the time of the accident and that she had been drinking for four hours at TGI prior to the accident. They further allege TGI was negligent for:
A. Failure to act as a reasonable person would act under the same or similar circumstances;
B. Selling or serving alcoholic beverages to an intoxicated person in violation of L.S.A.-R.S. 26:88(2), which is pleaded herein ...
C. Such other acts of negligence as will be brought out on the trial of this matter.
TGI filed its motion for summary judgment on the basis there was no issue of material fact. In its memorandum it discussed the applicability of La.R.S. 9:2800.1. We disagree with the contention urged by counsel for appellants at oral argument that the sole issue raised by TGI's motion was the effect of La.R.S. 9:2800.1. The thrust of TGI's memorandum in support of its motion was that La.R.S. 9:2800.1, a newly enacted statute, did not change the law existing at the time of the accident. Therefore, appellants were on sufficient notice to file any affidavits, pleadings, or depositions to raise an issue of material fact regarding TGI's liability consistent with the Louisiana jurisprudence existing at the time of the accident. No attempt was made.
In Kerwin v. Nu-Way Const. Service, Inc., 451 So.2d 1193, 1194 (La.App. 5th Cir.1984), writ denied 457 So.2d 11 (La. 1984) we held:
it is well settled that a motion for summary judgment should be granted only if the pleadings, depositions, answer to interrogatories and admissions on file and affidavits show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. [citations omitted].
La.R.S. 9:2800.1 became effective June 6, 1986. The date of the accident at issue was February 27, 1982. The newly enacted statute does not contain a statement of retroactive application. It provides:
A. The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.
B. Notwithstanding any other law to the contrary, no person holding a permit under either Chapter 1 or Chapter 2 of Title 26 of the Louisiana Revised Statutes of 1950, nor any agent, servant, or employee of such a person, who sells or serves intoxicating beverages of either *1287 high or low alcoholic content to a person over the age for the lawful purchase thereof, shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served.
C. (1) Notwithstanding any other law to the contrary, no social host who serves or furnishes any intoxicating beverage of either high or low alcoholic content to a person over the age for the lawful purchase thereof shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were served or furnished.
(2) No social host who owns, leases, or otherwise lawfully occupies premises on which, in his absence and without his consent, intoxicating beverages of either high or low alcoholic content are consumed by a person over the age for the lawful purchase thereof shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person who consumed the intoxicating beverages.
D. The insurer of the intoxicated person shall be primarily liable with respect to injuries suffered by third persons.
E. The limitation of liability provided by this Section shall not apply to any person who causes or contributes to the consumption of alcoholic beverages by force or by falsely representing that a beverage contains no alcohol.
La.R.S. 9:2800.1(A) specifically provides it is the "consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages" which "is the proximate cause of any injury, including death ... inflicted by an intoxicated person upon himself or upon another person." TGI argues La.R.S. 9:2800.1(A) should be given retroactive application on the basis that it is interpretive and merely codifies the prior Louisiana Supreme Court holdings of Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980) and Thrasher v. Leggett, 373 So.2d 494 (La. 1979).
The trial judge granted TGI's motion and reasoned the statute should be given retroactive effect on the basis it codified the rules established by Sanders, supra and Thrasher, supra. While we disagree that La.R.S. 9:2800.1 be given retroactive effect, nevertheless, we conclude the trial judge correctly granted the motion for summary judgment based upon the rulings of Sanders, supra and Thrasher, supra.
We recently construed the Sanders and Thrasher holdings in Enterprise Transp. Co. v. Veals, 532 So.2d 917 (La.App. 5th Cir.1988) at 920-21:
In Sanders v. Hercules Sheet Metal, Inc. 385 So.2d 772 (La.1980), the Supreme Court discussed the duty of an employer who provided liquor for its employees at a party to an intoxicated employee. The court stated:
In Thrasher v. Leggett, 373 So.2d 494 (La.1979), we examined the duty owed by a bar owner to an intoxicated patron. Even if we accept plaintiff's allegation that his employer provided its employees with the Christmas party solely for the benefit of the employer's business, defendant would have no higher standard of duty than a bar owner. We found that duty, under C.C. 2315 and 2316, is to avoid affirmative acts which increase the risk of peril to an intoxicated person. The bar owner is not however responsible for harm caused by the patron's inebriated condition itself. We also found that the proximate cause of harm is more nearly the act of voluntarily drinking to the point of intoxication, a form of *1288 contributory negligence, not the act of making the alcohol available for consumption. Viewing the situation before us here most favorably to plaintiff, defendant committed no affirmative act which increased plaintiff's peril. Evicting plaintiff from the party, onto a busy street, might have been such an affirmative act, but permitting him to leave the party was not. Rather, plaintiff caused the danger to himself, first by drinking to the point of intoxication, then by choosing to drive home aloneafter first driving a considerable distance in search of fireworksinstead of returning directly home in the company of his wife.
Because reasonable minds must inevitably conclude that plaintiff's employer was not negligent, even if the accident were caused by plaintiff's intoxication, defendant was entitled to summary judgment on the issue of its tort liability.
The recent case of LeBlanc v. Adams, 510 So.2d 678 (La.App. 4 Cir.1987) finds that such holding (that a provider of alcohol incurs no liability unless he performs an affirmative act which increases the peril) is not changed under the doctrine of comparative negligence, a rationale with which we agree. Therefore, it seems clear that if a provider of an intoxicant is not liable absent an affirmative act, that a non-provider cannot be liable.
We agree with the approach taken by our brothers in the First Circuit in Brown v. Wolfe, 525 So.2d 355, 357 n. 1 (La.App. 1st Cir.1988), writ denied 530 So.2d 569 (La.1988). The Brown court considered the issue of liability of an employer to a third-party. In Brown the employer allegedly allowed its employee to leave an office party in an intoxicated state. The employee allegedly lost control of her car and struck a pedestrian. The First Circuit applied Sanders, supra and Thrasher, supra and held:
Even if Brenda Price Wolfe [defendant/employee] were intoxicated, the employer did not owe a higher duty than to avoid affirmative acts which increase the risk of peril. We find no breach of that duty present.1
Id. at 357.
Furthermore, at 357, n. 1 the court stated:
Because the operative facts in this case occurred in 1982, we need not address the effect of La.R.S. 9:2800.1, added by Acts 1986, No. 18, Section 1, effective June 6, 1986, which limits the liability of those serving or furnishing alcoholic beverages on their premises.
The statute not only codifies Sanders and Thrasher, it goes further in limiting liability. Unlike Sanders and Thrasher, it does not impose liability for an affirmative act which increases the peril.
Although the Sanders and Thrasher cases dealt with injury sustained by the intoxicated person himself rather than injury inflicted by the intoxicated person onto a third-party, we applied the Sanders and Thrasher holdings in Veals, supra to a matter involving the latter and made no distinction between the two situations. Under the circumstances of the present case, the holdings in Thrasher, supra, Sanders, supra and Veals, supra apply to bar Freeman's claims against TGI since Freeman raises no issue of material fact regarding an affirmative act on TGI's part. Kerwin, supra.
Finally, in oral argument, appellant's counsel cited Farrington v. Houston's Inc., 750 F.2d 492 (5th Cir.1985) for support of his contention that Thrasher, supra is inapplicable to his case. He argued that Farrington, supra distinguished Thrasher, supra on the basis Thrasher was a pre-comparative negligence case. Thus, he interprets Farrington as providing a cause of action pursuant to La.R.S. 26:88 in a comparative negligence situation.
Such an argument was addressed by our brothers in the Fourth Circuit in LeBlanc v. Adams, 510 So.2d 678 (La.App. 4th Cir. 1987) at 683-84. We agree with the reasoning enunciated in LeBlanc at 683-84: Plaintiffs argue that the Court denied recovery in Thrasher, supra, because the contributory negligence of the inebriated *1289 person barred recovery but that a different result should be reached by application of the present standard of comparative negligence. Plaintiffs urge that we interpret Farrington, supra, as authority for recognizing LSA-R.S. 26:88 as the basis for a cause of action against the provider of alcohol for being comparatively negligent with the inebriated person whose condition is the proximate cause of damage. The narrow issue and its disposition in Farrington, supra, however, does not support such an expansive interpretation. The Court found harmless a jury instruction which allowed consideration of LSA-R.S. 26:88 as one of several discretionary factors for purposes of determining negligence. The Court did not say that LSA-R.S. 26:88 should be construed as creating a cause of action against the server of alcohol. Moreover, the result reached in Farrington, supra, appears appropriate when the facts are applied to the law as expressed in Thrasher, supra. Kerry Farrington became intoxicated before arriving at Houston's where he continued to drink. When he became violent and disruptive, the staff at Houston's threw him out without taking any or sufficient precaution regarding his safety. This fact situation is similar to that in Pence v. Ketchum, 326 So.2d 831 (La.1976), where the Louisiana Supreme Court did allow LSA-R.S. 26:88 to serve as one of two bases for civil relief. However, the Louisiana Supreme Court later in Thrasher, supra, approved the result but rejected that part of Pence, supra, which relied upon LSA-R.S. 26:88 as a basis for recovery:
"... [O]ur decision in Pence was correct in finding that [La.C.C.] Article 2315 imposes upon a bar owner a duty to avoid affirmative acts which increase the peril to an intoxicated patron. That duty is discussed by Prosser in the following language: `There may be no duty to take care of a man who is ill or intoxicated and unable to look out for himself; but it is another thing to eject him into the danger of a railroad yard; and if he is injured there will be liability.' Prosser, Law of Torts, Section 56, p. 343. Accordingly it is not inappropriate as in Pence to find that a proprietor who closes his establishment and puts an intoxicated person out on a busy highway breaches his duty not to increase his patron's peril." Thrasher, supra, at 497.
Despite plaintiffs' contentions, Farrington, supra, fits squarely under the holding in Thrasher, supra. The narrow issue raised and disposed of in Farrington, supra, the appropriateness of a discretionary factor in determining negligence, cannot serve as the basis for creating a cause of action under LSA-R.S. 26:88 to make the server of alcohol comparatively negligent for the tortious conduct of an inebriated person to whom he served alcohol. The Louisiana Supreme Court has made clear in Thrasher, supra, that the provider of alcohol incurs no liability unless he performs an affirmative act which increases the peril posed by the alcohol consumer's inebriated condition. We do not interpret Farrington, supra, as requiring an adoption of that portion of the holding in Pence, supra, which the Supreme Court rejected in Thrasher, supra.

Accordingly, for the reasons stated, the judgment dismissing TGI Fridays, Inc. is affirmed at appellants' cost.
AFFIRMED.