563 So.2d 1302 (1990)
Lorraine BERTRAND and Gail Guidry, as surviving parents of the minor child, Shannon Wade Guidry, Plaintiffs-Appellants,
v.
KRATZER'S COUNTRY MART, et al., Defendants-Appellees.
No. 89-164.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1990.
Burns & Godfrey, Benjamin O. Burns, Lafayette, for plaintiffs-appellants.
Woodley, Williams, Fenet, Palmer, Doyle & Norman, James Williams, Lake Charles, for defendants-appellees.
Before DOMENGEAUX, C.J., and GUIDRY and KNOLL, JJ.
DOMENGEAUX, Chief Judge.
Shortly after 7 p.m. on April 12, 1986, a pickup truck driven by Jerry Kratzer struck and killed fifteen year old Shannon Wade Guidry, a bicyclist who had stopped to rest several feet from the road. When Kratzer turned himself in after the accident, his blood alcohol level was .250. Around midnight that evening, Jerry Kratzer committed suicide. At the time of his death, his blood alcohol level was .175.
Two lawsuits followed these tragic deaths. The parents of Shannon Guidry, *1303 Lorraine Bertrand and Gail Guidry, sued Kratzer's Fast Stop, its proprietor, Helen Kratzer, and its insurer, United States Fidelity & Guaranty Company. These plaintiffs alleged the proximate cause of their son's death was the negligence of Fast Stop employees in continuing to serve Jerry Kratzer alcoholic beverages after he became visibly intoxicated and in permitting him to drive in such a condition. In a separate suit, Jerry Kratzer's children sued the same defendants, alleging the proximate cause of their father's suicide was his intoxication at the Fast Stop.
After consolidating the two suits at the trial level, the district judge granted summary judgment in favor of all defendants.[1] Although the cases remain consolidated on appeal, we will render a separate decree in each suit. See Kratzer v. Kratzer, rendered this same date, at 563 So.2d 1305 (La.App. 3rd Cir.1990).

THE BERTRAND/GUIDRY SUIT
The affidavits submitted by both sides reveal the parties dispute the time Jerry Kratzer left the Fast Stop, as well as his condition upon leaving. Helen Kratzer stated that Jerry consumed five beers at her place of business between 3 p.m. and 5:30 p.m. on April 12, 1986. She further stated that she observed him as he left and that he did not appear intoxicated. Ray Moore, who identified himself as a personal friend of Jerry's, was present at the Fast Stop when Jerry left between 5:30 and 5:40 p.m. Moore stated he observed Jerry, who was on crutches that day, successfully negotiate the steps between the store and his pickup. Moore also stated Jerry did not appear intoxicated.
In opposition, the plaintiffs submitted the affidavit of Pam Kratzer, Jerry's former daughter-in-law, who stated she drove by the Fast Stop around 6:30 p.m., when Jerry left the parking lot and pulled out in front of her vehicle. She continued to follow him for three miles, during which time she observed him driving erratically and weaving along the roadway.
Viewing the foregoing, and other evidence submitted, in a light most favorable to the parties opposing summary judgment, that is, assuming Helen continued to serve Jerry alcoholic beverages after he became visibly intoxicated, we must nonetheless conclude the trial court correctly determined that the defendants are entitled to judgment as a matter of law.
Louisiana has never implemented dramshop or civil liability statutes against the providers of alcoholic beverages. Instead, the courts have applied a duty risk analysis to claims of injuries caused by the effects of alcoholic beverages. Gresham v. Davenport, 537 So.2d 1144 (La.1989).
In Thrasher v. Leggett, 373 So.2d 494 (La.1979), the Louisiana Supreme Court defined the duty owed by a provider of alcoholic beverages. Under La.C.C. art. 2315, a tavern owner has a duty to avoid affirmative acts which increase the peril created by intoxication. The court further stated the proximate cause of an injury resulting from intoxication is the consumptionand not the saleof alcohol. Although Thrasher dealt with the duty owed to an injured inebriated patron, this same duty has been applied where innocent third parties are injured by an intoxicated person. Leblanc v. Adams, 510 So.2d 678 (La.App. 4th Cir.1987), writ denied, 514 So.2d 458 (La.1987); Freeman v. Estate of Young, 552 So.2d 1285 (La.App. 5th Cir.1989), writ denied, 556 So.2d 1281 (La.1990).[2]
Jurisprudence citing Thrasher has held that merely serving alcoholic drinks to *1304 an intoxicated person is not an affirmative act which would impose liability under art. 2315. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980), affirming summary judgment in favor of defendant-retailer; Gregor v. Constitution State Insurance, 534 So.2d 1340 (La.App. 4th Cir. 1988), writ denied, 536 So.2d 1238 (La. 1989); Loeffler v. Sal & Sam's Restaurant, 541 So.2d 937 (La.App. 5th Cir.1989), also affirming summary judgment in favor of defendant-retailer. A retailer who sells or serves alcoholic beverages to an intoxicated person may face criminal penalties under La.R.S. 26:90, but this statute does not create a civil cause of action. Thrasher, supra, overruling in part Pence v. Ketchum, 326 So.2d 831 (La.1976).
Similarly, permitting someone to leave an establishment in an intoxicated condition is not a violation of the duty to avoid affirmative acts increasing the peril of intoxication. Freeman, supra, affirming summary judgment in favor of defendant-retailer; Brown v. Wolfe, 525 So.2d 355 (La.App. 1st Cir.1988), writ denied, 530 So.2d 569 (La.1988), affirming summary judgment in favor of defendant-social host.
Appellants seek to distinguish the instant case from the jurisprudence cited above by showing that Helen Kratzer knew of Jerry Kratzer's tendency to abuse alcohol. They pointed to Helen's affidavit, where she admitted that on prior occasions she refused to serve beer to Jerry and that she had requested others to drive him home when he appeared too intoxicated to drive himself. They also introduced the deposition of Pegi Kratzer, Jerry's teenage daughter, who testified that she had asked Helen not to serve her father beer. However, appellants have not alleged, nor have they introduced any evidence, that Helen did anything other than serve Jerry five beers on the night in question. As we interpret Thrasher and its progeny, an affirmative act apart from the sale of alcohol is required to impose liability on a tavern owner for injuries caused by an intoxicated patron.
Examples of affirmative acts which would impose liability are found in Pence v. Ketchum, supra, where a bar owner ejected an intoxicated patron onto a busy highway, and in Pitts v. Bailes, 551 So.2d 1363 (La.App. 3rd Cir.1989), writs denied, 553 So.2d 860 (La.1989) and 556 So.2d 1262 (La.1990), where the retailer failed to secure his parking lot when a well known band drew an exceptionally large crowd. Absent a showing of such acts on the part of Helen Kratzer or other employees of Kratzer's Fast Stop, movers are entitled to judgment as a matter of law.

THE BLAKE KRATZER SUIT
As discussed above, Louisiana law does not differentiate between a tavern owner's duty to a patron or to an innocent third party. Leblanc, Freeman, supra. Helen Kratzer owed to Jerry Kratzer the same duty she owed to Shannon Guidry, that is to avoid any affirmative act which would increase the peril posed by Jerry's intoxication. We have already determined that Helen did not breach this duty as to Shannon. We are therefore compelled to reach this same conclusion as to Jerry.

DECREE
For the above and foregoing reasons the judgment of the trial court granting summary judgment in favor of defendants Helen Kratzer and Kratzer's Fast Stop is affirmed. Costs of this appeal are assessed against appellants.
AFFIRMED.
NOTES
[1] The trial court granted summary judgment in favor of USF & G after finding its policy did not include liquor liability coverage. Plaintiffs have not appealed this ruling; hence, the only issue before us is the liability of Helen Kratzer and Kratzer's Fast Stop. The defendants in the Blake Kratzer suit also filed an exception of no cause of action, which the trial court also granted.
[2] In La.R.S. 9:2800.1, added by Acts 1986, No. 18 § 1, the legislature further restricted the liability of retailers and social hosts. The statute codifies the policy statement in Thrasher that the consumption of alcoholic beverages, rather than the sale or the serving of such beverages, is the proximate cause of injuries inflicted by an intoxicated person upon himself or upon others; however, it does not impose liability for an affirmative act which increases the peril created by the intoxication. Because the statute was not effective until June 6, 1986, two months after the deaths of Shannon Guidry and Jerry Kratzer, it is not applicable here. Freeman, supra.