Dear Mr. Quarles:
In your letter of September 4, 1991 you ask five questions regarding the revised alcoholic beverage Policy for Southeastern Louisiana University. A copy of the revised policy is attached to this opinion. The questions that you ask are:
"1. Are we over-regulating on-campus events where alcohol is Present to the extent that we might not be able to adequately enforce the regulations thus increasing our liability?
2. Can we place the burden of enforcing the regulations on the organizations?
3. Should we attempt to regulate off-campus events or take a hands-off approach?
4. Do the regulations for off-campus events as currently written increase our liability?
5. By regulating off-campus events have we established a duty as defined in Louisiana tort law?
6. What are Your recommendations for changes?"
R.S. 9:2800.1 Provides:
"A. The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.
B. Notwithstanding any other law to the contrary, no Person holding a permit under either Chapter 1 or Chapter 2 of Title 26 of the Louisiana Revised Statutes of 1950, nor any agent, servant, or employee of such a person, who sells or serves intoxicating beverages of either high or low alcoholic content to a person over the age for the lawful Purchase thereof, successors, or survivors of either for any injury suffered off the Premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served.
C.(1) Notwithstanding any other law to the contrary, no social host who serves or furnishes any intoxicating beverage of either high or low alcoholic content to a person over the age for the lawful purchase thereof shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the Premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were served or furnished.
(2) No social host who owns, leases, or otherwise lawfully occupies premises on which, in his absence and without his consent, intoxicating beverages of either high or low alcoholic content are consumed by a person over the age for the lawful purchase thereof shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the Premises, including wrongful death and property damage, because of the intoxication of the person who consumed the intoxicating beverages.
D. The insurer of the intoxicated person shall be Primarily liable with respect to injuries suffered by third persons.
E. The limitation of liability provided by this Section shall not apply to any person who causes or contributes to the consumption of alcoholic beverages by force or by falsely representing that a beverage contains no alcohol."
Under R.S. 9:2800.1 liability may not be imposed on Southeastern Louisiana University for any loss connected with the sale, serving or furnishing of alcoholic beverages unless Southeastern breaches some other duty. Burtrand v. Kratzer's Country Mart, 563 So.2d 1302 (La.App. 3rd Cir. 1990). Writ denied 569 So.2d 959. For example, Southeastern would not be liable if a student became intoxicated and voluntarily walked out into the street and was struck by a vehicle. Southeastern would, however, be liable if a police officer of Southeastern forced the intoxicated student into the street or into a position where a reasonable man would know or should know that the intoxicated student would likely be injured.
It is the opinion of this office that the regulations regarding on campus events do not increase the liability of Southeastern University. It is also the opinion of this office that the revised alcoholic policy places some burden of enforcement on student organizations and some burden of enforcement on Southeastern. Southeastern has the duty to provide a procedure for registration. The burden for registering is on the organization. Campus dining must comply with the law regarding the sale of alcoholic beverages. The university under the regulation also has the duty to provide twice yearly workshops. Other Portions of the regulations such as allowing "drinking games" and providing of food is up to the organization to enforce. If Southeastern becomes aware that any of these regulations are being violated or were violated than Southeastern does have a duty at that point to investigate and determine if any action needs to be taken because of any infractions.
It is the opinion of this office that the regulations for off-campus events as currently written does not increase the liability of Southeastern. It is also the opinion of this office that by regulating off-campus events Southeastern is not established a duty that would take it outside the limitation of liabilities established by R.S. 9:2800.1.
If you have any further questions please feel free to contact this office.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: J. MARVIN MONTGOMERY Assistant Attorney General
JMM:rjh 0571p