615 So.2d 533 (1993)
Billy MILLS, Sr., et al., Plaintiffs-Appellants,
v.
Thomas C. HARRIS, et al., Defendants-Appellees.
No. 92-227.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
Rehearing Denied April 14, 1993.
Grove Stafford Jr., Alexandria, for Billy G. Mills, Sr.
DeWitt T. Methvin Jr., Alexandria, for Thomas C. Harris.
Ralph W. Kennedy, Alexandria, for Ortego/Newstart.
Before DOMENGEAUX, C.J., KNOLL and SAUNDERS, JJ.
SAUNDERS, Judge.
Appellants-plaintiffs, Billy G. Mills, Sr. and Joyce Estep Mills, the parents of Billy Mills, Jr., filed a wrongful death and survival action, alleging their son died as the result of the negligence of New Start Corporation (New Start), and its president, Judy Ortego, the appellees, and Thomas C. Harris. The trial court found no liability on the part of the appellees and rejected plaintiffs demands against them. This appeal followed. We affirm.

FACTS
There is no factual dispute in this case. The trial court provided the following synopsis of the facts in its written reasons. We adopt and incorporate these into this opinion, with minor modifications, as follows:
Billy Mills, Jr. (Mills) was a guest passenger in a 1981 Pontiac Firebird operated by the defendant, Thomas Harris. On the night of the accident, Harris and Mills had attended a concert together at the Lighthouse Club, a large disco type lounge near Alexandria, Louisiana. Harris, who was 18 years old at the time of the accident, purchased alcoholic beverages from the lounge and is alleged to have been intoxicated on the night of the accident. New Start, which owns and operates the Lighthouse Club, and Judy Ortego, individually, as the sole stockholder of that corporation, were also named as defendants in this suit.
The accident occurred on August 10, 1989, at 1:00 a.m., as Harris was driving the 1981 Firebird in a southerly direction on McKeithen Drive and lost control of the vehicle, left the roadway, struck a culvert and came to rest some 348 feet from the roadway. Mills was killed instantly from massive trauma.
On the night of the accident, Thomas Harris and Mills had gone to a concert at the Lighthouse Club with Lisa Webb and Juanita Faye Thornhill (a/k/a "Wendy"). *534 The four left Webb's apartment and went to the concert in two vehicles, one driven by Harris with Mills as a guest passenger, the other vehicle driven by Lisa Webb with "Wendy" as a guest passenger. After the concert, Harris intended to take a pair of pants he had borrowed back to his brother-in-law's home on England Air Force Base. Harris had consumed several alcoholic drinks at the concert and, by all accounts, was obviously intoxicated at the time he started to leave the Lighthouse. Several Rapides Parish Sheriff's deputies had been hired to patrol the parking lot. One of these, a Deputy Thornhill, observed Harris having difficulty with the car keys as he attempted to open his car door. Deputy Thornhill approached Harris and Mills and refused to allow Harris to drive the vehicle off the lot. Deputy Thornhill did allow Mills to drive Harris's car. Mills had consumed little, if any, alcohol on the night of the accident and had no problem driving. Mills drove to England Air Force Base and Harris took the pants into his brother-in-law's home. Harris returned to the car and got behind the wheel. The boys intended to return to Lisa Webb's apartment to meet Lisa and "Wendy." Harris drove the car from England Air Force Base to the point on McKeithen Drive where the accident occurred.
The trial court held that the accident was caused by the negligence of Thomas C. Harris, and that Harris's intoxication was the proximate cause of the accident. The court further held that Harris was liable for damages and that Mills was guilty of comparative negligence and assigned the percentage of fault at 50% each.[1]
The trial court, although holding that New Start wrongfully sold alcoholic beverages to an underage purchaser in violation of a Rapides Parish ordinance, held New Start was not liable to the plaintiffs. The trial judge determined that, since the New Start employee insisted that Mills drive the car rather than Harris, the subsequent switching of drivers after they left the lounge's parking lot relieves New Start from any liability.
Plaintiffs contend that the trial court erred in not holding New Start liable since New Start sold alcoholic beverages to Thomas C. Harris who, according to the Rapides Parish ordinance, was under the lawful age for the purchase and consumption of alcoholic beverages.

LAW AND PRINCIPLES
Plaintiffs rely on the Rapides Parish ordinance, article 4-44, which makes it illegal for anyone to sell alcoholic beverages having a content of more than 3.2% by volume, to a person under the age of 21 years. Harris, although not a minor, was underage for the purpose of the ordinance, and was served alcohol containing more than 3.2% by volume.
The Louisiana laws pertaining to the selling, purchasing, and consumption of alcohol are found at LSA-R.S. 14:91, et seq., R.S. 26:90(A)(1), R.S. 26:286(A)(1), and R.S. 9:2800.1. Serving Harris, at age 18, did not violate any Louisiana State law. Only Harris, who purchased the alcohol, violated LSA-R.S. 14:91.5. New Start, in serving Harris, violated the Rapides Parish ordinance.
Violation of a criminal statute, or as here a parish ordinance, does not make the act negligence per se. Louisiana has never implemented dram-shop or civil liability statutes against the providers of alcoholic beverages. Instead, the courts have applied a duty-risk analysis to claims of injuries caused by the effects of alcoholic beverages. Gresham v. Davenport, 537 So.2d 1144 (La.1989).
In Thrasher v. Leggett, 373 So.2d 494 (La.1979), the Louisiana Supreme Court defined the duty owed by a provider of alcoholic beverages. Under LSA-C.C. art. 2315, a tavern owner has a duty to avoid affirmative acts which increase the peril created by intoxication. The Court further stated that the proximate cause for an injury resulting from intoxication is the consumption *535 and not the saleof alcohol. Although Thrasher dealt with the duty owed to an injured inebriated patron, this same duty has been applied where innocent third parties are injured by an intoxicated person. LeBlanc v. Adams, 510 So.2d 678 (La.App. 4th Cir.), writ denied 514 So.2d 458 (La.1987); Freeman v. Estate of Young, 552 So.2d 1285 (La.App. 5th Cir. 1989), writ denied 556 So.2d 1281 (La.1990).
In LSA-R.S. 9:2800.1 added by Acts 1986, No. 18, § 1, the legislature further restricted the liability of retailers and social hosts. This statute codifies the policy stated in Thrasher that the consumption of alcoholic beverages, rather than the sale or the serving of such beverages, is the proximate cause of injuries inflicted by an intoxicated person upon himself or upon others.
Jurisprudence citing Thrasher and LSA-R.S. 9:2800.1 holds that merely serving alcoholic drinks to an intoxicated person is not an affirmative act which would impose liability under LSA-C.C. 2315. See Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Edson v. Walker, 573 So.2d 545 (La.App. 1st Cir.), writ denied, 576 So.2d 34 (La.1991).
As we interpret Thrasher and its progeny, serving Harris was not an affirmative act required to impose liability on a tavern owner for injuries caused by an intoxicated patron. Furthermore, both Thrasher and LSA-R.S. 9:2800.1(A) indicate that the Louisiana Supreme Court and the legislature have determined, as a matter of public policy, that the consumption and not the sale or serving of alcohol is the proximate cause of any subsequent damage.[2]
Louisiana law does not differentiate between a tavern owner's duty to a patron or to an innocent third party. LeBlanc, Freeman, supra. New Start owed to Mills the same duty it owed to Harris, that is to avoid any affirmative act which would increase the peril posed by Harris's intoxication. We have already determined that New Start did not breach this duty as to Harris, and are compelled to reach the same conclusion as to Mills.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
Costs of this appeal are assessed against Billy G. Mills, Sr. and Joyce Estep Mills, plaintiffs and appellants.
AFFIRMED.
NOTES
[1] Plaintiffs did not appeal the issue of damages nor the allocation of fault to Mills. Therefore, that part of the judgment is final.
[2] R.S. 9:2800.1 provides in pertinent part as follows:

A. The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.