United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 6, 2003**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

---

m 02-31087

---

DIANE MOORE
AND
BRENT MOORE,

Plaintiffs-Appellants,

VERSUS

NEW GAMING CAPITAL PARTNERSHIP, ETC.; ET AL.,

Defendants,

HORSESHOE ENTERTAINMENT,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Louisiana
m 01-CV-1822

---

Before DAVIS, SMITH, and DUHÉ,
   Circuit Judges.

PER CURIAM:[*]

Diane and Brent Moore, the surviving wife and son of Franklin Moore, appeal a summary judgment for Horseshoe Entertainment in this wrongful death suit. Reviewing the summary judgment *de novo*, *Dickey v. Baptist Mem. Hosp.*, 146 F.3d 262, 264 (5th Cir. 1998), we affirm.

Mr. Moore spent an evening drinking on a riverboat casino operated by Horseshoe. He exited the casino and fell from a deck into the river. Several casino employees saw him and tried to save him by sounding a "man overboard" alarm, throwing him a life ring, and launching rescue boats. Despite their efforts, Mr. Moore tragically drowned. Autopsy reports placed his blood alcohol level at roughly 0.25, over twice the legal limit in Louisiana.

The Louisiana legislature has declared that "consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death . . ., inflicted by an intoxicated person upon himself . . . ." LA. REV. STAT. § 9:2800.1(A). This law "unambiguously places the responsibility for the consequences of intoxication on the intoxicated person, and expressly disclaims 'dramshop' liability." *Mayo v. Hyatt Corp.*, 898 F.2d 47, 48 (5th Cir. 1990); *see also Berg v. Zummo*, 786 So. 2d 708, 714 (La. 2001) (same). Section 9:2800.1(A) therefore appears to give Horseshoe absolute immunity here.

Plaintiffs argue, however, that § 9:2800.1(B) creates an exception to this seeming rule of absolute immunity for injuries suffered on a vendor's premises. Section 9:2800.1(B) states that "no person . . . who sells or serves intoxicating beverages . . . to a person over the age of lawful purchase thereof, shall be liable to such person or . . . to [his] estate, successors, or survivors . . . for any injury suffered *off the premises*, including wrongful death . . ., because of the intoxication of the person . . . ." LA. REV. STAT. § 9:2800.1(B) (emphasis added).

Though the Supreme Court of Louisiana might recognize an exception to § 9:2800.1(A) for injuries suffered on a vendor's premises,[1] we need not address the question, because Mr. Moore's injury would not fit within any such exception. The injury Mr. Moore suffered, and for which plaintiffs have sued, is the drowning, not the fall. The drowning occurred in the river, which is off the premises of the casino.

Thus, the sole proximate cause of Mr. Moore's death was his own intoxication, not the casino's provision of alcohol. *See* LA. REV. STAT. § 9:2800.1(A) (stating that "consumption of intoxicating beverages . . . is the proximate cause of any injury, including death . . ., inflicted by an intoxicated person upon himself"). "This complete failure of proof on an essential element of plaintiffs' case 'necessarily renders all other facts immaterial.'" *Mayo*, 898 F.2d at 49 (quoting *Celotex Corp.*

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Cf. Berg*, 786 So. 2d at 714 (recognizing that § 9:2800.1(B) creates an exception to § 9:2800.1(A) for serving alcohol to minors).

*v. Catrett*, 477 U.S. 317, 323 (1986)).[2]

The judgment is AFFIRMED.

---

[2] We also need not address whether a vendor may be liable, notwithstanding § 9:2800.1(A), for "affirmative acts which increase the peril to an intoxicated person." *Mayo*, 898 F.2d at 49 (quoting *Thrasher v. Leggett*, 373 So. 2d 494, 497 (La. 1979)). In *Mayo*, we held that this is the "sole duty of a seller of alcoholic beverages." *Id.* The Supreme Court of Louisiana may have undermined this portion of *Mayo* by expressly noting but declining to adopt or reject it. *Berg*, 786 So. 2d at 714 n.13.

Even assuming *Mayo* properly interpreted Louisiana law, plaintiffs have not offered evidence of any affirmative acts increasing the peril to Mr. Moore. Plaintiffs allege that Mr. Moore fell from a restricted-access deck not equipped with surveillance cameras. They do not assert that this particular deck was more likely to attract intoxicated patrons or less secure against falls than were other decks. Rather, they allege that the unmonitored nature of this deck increased the likelihood that possible rescuers would not notice if a patron fell overboard. Yet, the facts as stated in the complaint belie this theory: Plaintiffs acknowledge that, after Mr. Moore fell, a Horseshoe employee observed him "[s]hortly thereafter" and radioed to another employee, who arrived "a few seconds later." The employees then took several reasonable but unsuccessful steps to save Mr. Moore's life.

3