567 So.2d 700 (1990)
Beverly Ann BOUDREAUX, et al., Plaintiffs-Appellants,
v.
DELCHAMPS, INC., et al., Defendants-Appellees.
No. 89-333.
Court of Appeal of Louisiana, Third Circuit.
September 20, 1990.
Writ Denied November 30, 1990.
Sue Fontenot, Abbeville, for plaintiffs-appellants.
McGlinchey, Stafford, Cellini & Lang, Frederick Campbell, Thomas P. Angelmo, New Orleans, Donna Ardono, Baton Rouge, for defendants-appellees.
Before DOUCET, KNOLL and KING, JJ.
DOUCET, Judge.
Plaintiffs-Appellants, Beverly Ann Boudreaux, individually and on behalf of her minor son, Harvey Bessard, and Curley August, Sr., individually and on behalf of *701 his minor son, Ronald James August, brought this suit for personal injuries sustained by Harvey Bessard and Ronald August in an automobile accident which occurred on August 22, 1986. Appellants named Johnny J. Boudreaux, State Farm Mutual Automobile Insurance Company, and Delchamps, Inc., as defendants.
Delchamps filed a motion for summary judgment and after a hearing, the court dismissed Appellants' claims against Delchamps. It is from this judgment that Plaintiffs-Appellants appeal.
On August 22, 1986, Johnny Boudreaux, Jr., Randall Petry, Harvey Bessard, Michael Terrence Levine, Eric Petry, and Ronald James August, all students at Abbeville Senior High School, left school shortly before the lunch recess in Johnny Boudreaux's pickup truck. The boys pooled their money and drove to Diamond Shamrock Station to purchase some beer. The assistant manager at the Diamond Shamrock refused to sell the beer to them because all of the boys were not of legal age to purchase the beer.
The students then went to Delchamps supermarket in Abbeville, still intent on purchasing beer. One of the students, Michael Levine, reached the age of eighteen several months earlier. The boys selected Levine to purchase the beer because he was the only person in the group who was legally able to do so. Several of the boys accompanied Levine into the store and to the cash register. After getting the two twelve packs of beer out of the cooler, Levine handed the money to the Delchamps cashier and purchased the beer.
Levine and the boys who accompanied him into the store brought the beer back to Boudreaux's pickup truck and Boudreaux drove the group to Goudchaux Park, where they consumed part of the beer. On the way back to school, Boudreaux lost control of the truck and the vehicle left the road and turned over, injuring August and Bessard.
On appeal, Appellants assert that the trial court erred in granting summary judgment in favor of Delchamps, dismissing their claims as there exists a genuine dispute as to material fact. In support of this assertion, Appellants argue that the trial court made a factual determination and concluded that Delchamps did not sell alcoholic beverages to minors in spite of the existence of facts and circumstances which might lead the triers of fact to reasonably conclude otherwise. Appellants urge that Delchamps had a duty to refuse to sell the beer to Levine because he was in the presence of minors. We affirm.
The Supreme Court, in Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company, 427 So.2d 1152, at pages 1153, 1154 (La.1983), discussed the law of this state and the criteria to be applied in determining whether or not a summary judgment should be granted and stated:
"La.C.C.P. art. 966 provides that any party may move for a summary judgment at any time, and the mover is entitled to summary judgment in his favor "if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law." Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); cf. Fed.Rule Civ.Pro. 56. The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. Thornhill v. Black, Sivalls & Bryson, 394 So.2d 1189 (La.1981); White v. Baker Manor Nursing Home, 400 So.2d 1168 (La.App. 1st Cir.), writs. den., 403 So.2d 68 (La.1981); cf. Erco Industries, Ltd. v. Seaboard Coast Line Railroad Co., 644 F.2d 424 (5th Cir.1981); Joplin v. Bias, 631 F.2d 1235 (5th Cir.1980).
To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. The pleadings, *702 affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Mashburn v. Collin, 355 So.2d 879 (La.1977); cf. Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)."
In order for Appellants to hold Delchamps legally responsible for their injuries, they must establish that Delchamps breached a legal duty imposed to protect against the risk encountered and that the breach of that duty was a legal cause of their damages.
It is undisputed that Levine was eighteen years old at the time of the accident, the legal age to purchase alcohol at that time. It is also undisputed that Levine is the one who handed the money to the cashier and purchased the beer. This court is aware of no statutory or jurisprudential authority which dictates that Delchamps had a duty to require their cashiers to refrain from selling alcohol to a major when the major is accompanied by minors or to inquire of a major lawfully purchasing beer whether he was going to violate the law and provide the alcohol to the minors. The Louisiana Supreme Court in Thrasher v. Leggett, 373 So.2d 494 (La.1979), defines the duty imposed upon the providers of alcohol under La.C.C. arts. 2315 and 2316 as being to avoid affirmative acts which increase the risk of peril to an intoxicated person. This pronouncement was followed in Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980) and Leblanc v. Adams, 510 So.2d 678 (La.App. 4th Cir.1987). A review of pleadings and depositions filed indicates that all Delchamps did was sell beer to Levine, a major, while in the presence of minors. We cannot say that this alone constitutes an affirmative act which increased the risk of peril to appellants. Thus, we find that there is no genuine issue as to a material fact and that Delchamps is entitled to judgment as a matter of law.[1] Accordingly, we affirm the summary judgment in favor of Delchamps. All costs of this appeal are assessed to Plaintiffs-Appellants.
AFFIRMED.
KNOLL, J., dissents and assigns reasons.
KNOLL, Judge, dissenting.
For the following reasons, I respectfully dissent.
The record shows that genuine issue of material facts exist which would preclude the dismissal of plaintiffs' actions on a motion for summary judgment.
Louisiana law unequivocally prohibits the sale of alcoholic beverages to minors. LSA-R.S. 14:91, R.S. 26:88(1), and R.S. 26:285. The record supports that this is the genuine issue of material fact in dispute.
The majority mechanically finds that as long as a major hands over the money for the purchase of alcoholic beverages, the seller has no legal duty to the minor plaintiffs to protect them against their own negligence. I find this simplistic approach unrealistic in light of the facts of this particular case.
The record shows that the trial court assessed Delchamps' motion for summary judgment on the depositional testimony of the six passengers of the truck, Eric Petry, Ronald August, Johnny Boudreaux, Randall Petry, Harvey Bessard, and Michael Levine, and Jane Bouton, a Diamond Shamrock manager who refused to sell alcoholic beverages to the boys prior to their stop at Delchamps. The record is void of any affidavits or testimony from Delchamps.
The crux of plaintiffs' actions hinges on a factual determination of whether Delchamps sold alcoholic beverages to minors. Contrary to Delchamps' assertion, the plaintiffs dispute that the beer sale was exclusively to the major. The real issue in this case is not whether Delchamps sold *703 beer to an eighteen year old, but whether Delchamps sold beer to those accompanying Michael Levine who were under the age of eighteen and were in the store with Levine.
The record shows that six teenage boys, all students at Abbeville Senior High, left school just prior to lunch recess in a truck driven by Johnny Boudreaux, Jr. who was one of the students. The students went first to the Diamond Shamrock store to buy beer. At Diamond Shamrock, the students were unable to purchase the beer because the manager, Jane Bouton, was suspicious, therefore, she required all of them to produce identification that they were of legal age. It was obvious to her that all of the students were buying beer. The teenagers then immediately proceeded to Delchamps, which was during the school lunch hour. The boys' depositions vary as to which boys entered the store; some testified that they all entered, and others stated that three went into the store. In Delchamps, the boys went directly to the beer cooler, removed two-twelve packs of beer, and went to the cashier. No other purchase was made. The boys had pooled their money and gave it to Michael Levine. At the store, Michael Levine, who was eighteen years of age, paid for the beer with this money. The record is not clear as to how many of the boys were with Levine when he paid for the beer, but the record is clear that some of the minors were with him. Levine testified that the cashier looked at him funnily, but did not ask his age or that he submit identification which showed that he was of age to purchase alcoholic beverages. The boys then exited the store.
Delchamps offered no testimony by any of its employees as to this particular transaction or general testimony of its officers regarding its custom when selling alcoholic beverages as to proof of age.
In my view, the most glaring defect is the lack of testimony or evidence by Delchamps, and especially the cashier, which creates a genuine issue of material fact as to the liability of Delchamps. Delchamps rests its case simply on the fact that it sold the beer to an eighteen year old when, in fact, Delchamps sold the beer to one eighteen year old and five under the age of eighteen.
At this stage of the proceedings I find that the trial court improperly resolved a question of material factone which should have been determined by the jury. As stated by the majority in the case of Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company, 427 So.2d 1152, at page 1153:
"The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits." (Emphasis added.)
I also find the majority's reliance upon Thrasher v. Leggett, 373 So.2d 494 (La. 1979), inappropriate. The standard espoused in Thrasher is clearly viewed as the duty owed by a bar owner to an intoxicated person. The facts of the case sub judice are clearly distinguishable. Likewise, the majority's reference to LSA-R.S. 9:2800.1 is misplaced. The premise of R.S. 9:2800.1 is, as stated in that revised statute, a sale of alcoholic beverages "to a person over the age for the lawful purchase thereof, ...". This is the genuine issue of material fact that is in dispute.
NOTES
[1] For further support, see La.R.S. 9:2800.1 which states that it is the consumption, rather than the sale, serving or furnishing, of alcohol which is the legal cause of injuries resulting from the conduct of intoxicated persons.