601 So.2d 755 (1992)
Gene Joseph UHRBACH and Laura D. Akenhead Uhrbach
v.
Hsi Wen LIN, et al.
Adrian L. BRUNSON and Donna C. Brunson, Individually and as Natural Tutor and Tutrix of Sandra J. Brunson
v.
Hsi Wen LIN, et al.
Carolyn E. FREY
v.
Hsi Wen LIN, Louise Lin, Colonial Lloyd's Insurance Company, John Brett Garafola, State Farm Mutual Automobile Insurance Company, New Generation, Inc. and ABC Insurance Company.
Nos. CA 91 0692, CA 91 0693 and CA 91 0694.
Court of Appeal of Louisiana, First Circuit.
May 22, 1992.
Writ Denied October 2, 1992.
James Wood, Baton Rouge, for plaintiff-appellant Gene Uhrbach.
John Dardenne, Jr., Baton Rouge, for plaintiff-appellant Adrian Brunson, et al.
Ossie Brown, Baton Rouge, for plaintiff-appellant Carolyn Frey.
*756 Richard Deas, Metairie, for defendant-appellee Hsi Wen Lin, Colonial Lloyds Ins. Co.
William Faller, Baton Rouge, for plaintiff-appellee Numa Mae Castillo.
Henry Terhoeve, Baton Rouge, for defendant-appellee John Brett Garafola.
Frank Gremillion, Baton Rouge, for defendant-appellee City of Baton Rouge.
James Thompson, III, Baton Rouge, for defendant-appellee New Generation, Inc.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
These actions are three consolidated suits for damages in tort arising out of an automobile accident. One of the parties defendant, New Generation, Inc. (NG), filed peremptory exceptions raising the objections of no cause of action and no right of action in each suit. After a hearing, the trial court ruled the petitions did not state a cause of action against NG and gave the plaintiffs fifteen days to amend their petitions to state a cause of action as provided for in La.C.C.P. art. 934. The plaintiffs did not amend and the trial court thereafter rendered judgment dismissing the claims against NG with prejudice. These devolutive appeals followed.

FACTS
The petition in the Brunson case[1] alleges the following pertinent facts:

1.
Made defendants herein are:
(a) Hsi Wen Lin, a resident of lawful age of the Parish of East Baton Rouge, Louisiana;
(b) Louise Lin, a resident of lawful age of the Parish of East Baton Rouge, Louisiana;
. . . . .
(d) John Brett Garafola, a resident of lawful age of the Parish of East Baton Rouge, Louisiana;
. . . . .
(f) New Generation, Inc., a Louisiana corporation authorized to do and doing business in the State of Louisiana which has appointed Donald J. LeBlanc as its agent for service of process;
. . . . .
2.
On or about May 22, 1988 at approximately 6:30 p.m., Sandra J. Brunson was a passenger in the bed of a 1985 Toyota pickup truck, which was owned by Louise Lin and operated by Hsi Wen Lin, travelling northbound at or near the 2400 block of Drusilla Lane in the Parish of East Baton Rouge, Louisiana.
3.
Suddenly and without warning the truck swerved off the road, struck a culvert and flipped over causing the damages referred to hereinafter.
4.
Petitioners, Adrian L. Brunson, III and Donna C. Brunson, are the natural parents of Sandra J. Brunson.
5.
At all times pertinent hereto, Sandra J. Brunson was riding as a guest passenger in the truck being operated by defendant, Hsi Wen Lin, with the consent and permission of his sister, Louise Lin, who was the registered owner of the vehicle.
6.
Based upon information and belief, defendant, Hsi Wen Lin, was engaged in a "drag race" or some other form of unwise, imprudent and negligent conduct with another motor vehicle being driven by, and believed to be owned by, John Brett Garafola.
7.
Based upon information and belief, prior to the aforesaid accident, both defendants Lin and Garafola had consumed alcoholic beverages in the parking lot of *757 the New Generation store, owned by the defendant, New Generation, Inc., and located on Staring Lane in the Parish of East Baton Rouge, Louisiana.
8.
Based on information and belief, both Lin and Garafola, as well as hundreds of other persons, were in attendance at the "Crank-It-Up" contest sponsored by New Generation, Inc., at which event young people were encouraged to play their automobile stereos in a loud manner to determine which was loudest.
9.
A proximate cause of the aforesaid accident and resulting damages was the fault and negligence of Hsi Wen Lin whose negligent acts include, but are not limited to, the following:
(a) Failing to maintain control of his vehicle;
(b) Operating his vehicle in a reckless manner;
(c) Failing to maintain a proper lookout;
(d) Travelling at an excessive rate of speed under the circumstances;
(e) Engaging in unwise, imprudent, irresponsible and reckless conduct or "drag racing" when he knew or should have known of the inherent danger of such activity;
(f) Disregarding the traffic rules of the Parish of East Baton Rouge and State of Louisiana;
(g) Operating a vehicle while under the influence of alcoholic beverages; and
(h) Any other act of negligence which may be proven at the trial of this matter.
10.
A proximate cause of the aforesaid accident and resulting damages was the fault and negligence of John Brett Garafola whose negligent acts include, but are not limited to, the following:
(a) Failing to maintain control of his vehicle;
(b) Operating his vehicle in a reckless manner;
(c) Failing to maintain a proper lookout;
(d) Travelling at an excessive rate of speed under the circumstances;
(e) Engaging in unwise, imprudent, irresponsible and reckless conduct or "drag racing" when he knew or should have known of the inherent danger of such activity;
(f) Disregarding the traffic rules of the Parish of East Baton Rouge and State of Louisiana;
(g) Operating a vehicle while under the influence of alcoholic beverages; and
(h) Any other act of negligence which may be proven at the trial of this matter.
11.
A proximate cause of the aforesaid accident and resulting damages was the fault and negligence of New Generation, Inc., whose negligent acts include, but are not limited to, the following:
(a) Allowing the consumption of alcoholic beverages in its parking lot on Staring Lane in the Parish of East Baton Rouge, Louisiana;
(b) Failing to adequately supervise those in attendance and failing to prevent the consumption of alcoholic beverages on the premises;
(c) Providing uniformed security personnel, but failing to instruct such personnel to prevent the consumption of alcohol on the premises;
(d) Encouraging attendance at this event by young people who defendant knew or should have known were drinking and which young people, including defendants Lin and Garafola, should not thereafter have been allowed to proceed on the public streets, thereby endangering themselves and others; and
(e) Other acts of negligence which may be proven at the trial of this matter.
The Brunsons further alleged that their daughter, Sandra, sustained severe, permanent injuries.
*758 The Uhrbach petition alleges, in pertinent part, that Gene Joseph Uhrbach and Laura D. Akenhead Uhrbach are the parents of Robert Scott Uhrbach, that Robert was a passenger in the bed of the Lin truck, and that Robert was killed in the accident.
The Frey petition alleges, in pertinent part, that Carolyn E. Frey is the parent of Mark Eirick, that Mark was a passenger in the bed of the Lin truck, and that Mark was killed in the accident.

NO CAUSE OF ACTION
The plaintiffs-appellants assert the trial court erred by sustaining the peremptory exception raising the objection of no cause of action.
The peremptory exception raising the objection of no cause of action questions whether or not the law affords any remedy to the plaintiff under the allegations of the petition. If a remedy is provided, the objection must be overruled. The objection is triable solely on the face of the petition and any attached documents. La. C.C.P. art. 931. All pleaded facts are accepted as true, and any doubts are resolved in favor of the sufficiency of the petition. Succession of Bertaut, 572 So.2d 142 (La. App. 1st Cir.1990), writ denied, 573 So.2d 1111 (La.1991); White v. State, Department of Public Safety and Corrections Office of Motor Vehicle, 569 So.2d 1001 (La.App. 1st Cir.1990).
To state a cause of action in negligence, a party must allege five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct did not conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was the legal cause of the plaintiff's injuries (the scope of duty element); and (5) actual damages (the damages element). Fowler v. Roberts, 556 So.2d 1 (La.1989).
To determine the validity of the objection, all pleaded allegations of fact are accepted as true. Accordingly, we must accept as true the allegations that NG was guilty of negligence that in fact caused damages. Thus, the only issues presented for our consideration are whether, under the facts alleged, NG owed a duty to the plaintiffs and whether NG's negligence (breach of the duty) was a legal cause of the damage (was the risk that caused the injury within the ambit of the protection of the duty). See Pitre v. Opelousas General Hospital, 530 So.2d 1151 (La.1988); Pines v. Dr. Carlos D. Moreno, Inc., 569 So.2d 203 (La.App. 1st Cir.1990).
In Fowler v. Roberts, 556 So.2d at 6, appears the following:
The duty issue in the determination of liability in negligence cases is often confused with the scope of liability or scope of protection issue. The former usually questions the existence of a duty, while the latter (which assumes that a duty exists) usually questions whether the plaintiff's injury was one of the risks encompassed by the statute or rule of law which imposed the duty.
The following method has been suggested for distinguishing between the duty element and the scope of protection element in negligence cases:
As is often the case with torts puzzles, a view through the prism of trial court procedure points toward a solution. Careful speakers will reserve the formulation, "defendant had no duty," for situations controlled by a rule of law of enough breadth and clarity to permit the trial judge in most cases raising the problem to dismiss the complaint or award summary judgment for defendant on the basis of the rule. On the other hand, if the case is of a sort such that typically the judge will need to know the details of the occurrence before ruling for defendanti.e., if the case is of a type that must normally reach the directed verdict (or later) stage before defendant can expect to prevailthen the appropriate formulation is in terms of [scope of protection].

*759 D. Robertson, W. Powers, Jr. & D. Anderson, Cases and Materials on Torts 161 (1989). The authors therefore submit that the duty element normally comes into question when there is a categorical rule excluding liability as to whole categories of claimants or of claims.... On the other hand, the scope of protection element comes in question when there is a fact-sensitive case that may require limitation of the "but for" consequences of the defendant's substandard conduct. Determination of the scope of protection issue is not based on a categorical rule, but on a case-by-case decision whether liability should be imposed under the particular circumstances. D. Robertson, supra, at 163. (Citations omitted)
When determining the existence or scope of a duty, a court "should consider a broad range of social, economic, and moral factors including the cost to the defendant of avoiding the risk and the social utility of the plaintiff's conduct at the time of the accident." Oster v. Department of Transportation and Development, State of Louisiana, 582 So.2d 1285, 1289 (La.1991).

DUTY OF NG AS THE OWNER OF IMMOVABLE PROPERTY
The petitions allege that NG is owner of the parking lot where the "Crank-It-Up" contest was held.

General Duty
The general duty of the owner of immovable property is stated in Farr v. Montgomery Ward and Company, Inc., 430 So.2d 1141, 1143 (La.App. 1st Cir.), writ denied, 435 So.2d 429 (La.1983) as follows:
The owner, or person having custody, of immovable property has a duty to keep such property in a reasonably safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence.... This duty is the same under the strict liability theory of La.C.C. art. 2317 as under the negligent liability theory of La.C.C. art. 2315.... The difference in proof between these theories of liability is that under La.C.C. art. 2315, it must be shown that the owner, or person in custody, either knew or should have known of the risk, whereas under La.C.C. 2317, a claimant is relieved of proving the defendant's scienter.... Under either theory of liability, the plaintiff has the burden of proving that: (1) the property which caused the damage was in the `custody' of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises (breach of the duty); and (3) that the defect in the property was a cause in fact of the resulting injury. In both negligent and strict liability cases, the reasonableness of the risk is determined by balancing the probability and magnitude of the risk against the utility of the thing.... Under either theory of liability, the court must decide if the risk which causes the injury is within the ambit of protection of the duty.
(Citations omitted)
The petitions of the plaintiffs do not allege a breach of this general duty.

Special Duties
Further, a special relationship between an owner of immovable property and a person on or adjacent to the premises, or a special use of the premises, may modify or alter the duty or duties of the owner. Thus, if there is a self service store on the premises, the owner may owe a greater duty of care to someone using that facility. La.R.S. 9:2800.6. Further, the owner could have a master-servant [La.R.S. 23:1061 et seq. ] or lessor-lessee [La.C.C. art. 2668 et seq. ] relationship with someone on his premises. Finally, the owner owes special duties to his neighbors. La.C.C. art. 667. None of these special relationships are alleged in this case.

Duties Alleged by the Plaintiffs-Appellants
The plaintiffs allege that NG was at fault by allowing the consumption of alcoholic beverages on its premises, by failing *760 to prevent the consumption of alcoholic beverages on its premises and by failing to instruct its uniformed security personnel to prevent consumption of alcoholic beverages on its premises. These alleged breaches of duty are based on the assumption that NG had a duty to prohibit the consumption of alcoholic beverages on its premises. The plaintiffs also allege that NG was at fault by allowing Lin and Garafola "to proceed on the public streets" when it knew or should have known that they "were drinking". This alleged breach of duty is based on the assumption that NG had a duty to keep Lin and Garafola from proceeding "on the public streets" when it knew or should have known they "were drinking".

NG's Duty to Prohibit the Consumption of Alcoholic Beverages on its Premises
Criminal statutes may serve as guidelines for the imposition of civil tort duties. Greshaw v. Davenport, 537 So.2d 1144 (La.1989); Edson v. Walker, 573 So.2d 545 (La.App. 1st Cir.), writ denied, 576 So.2d 34 (La.1991). Pursuant to La. R.S. 14:91, it is unlawful for anyone over the age of seventeen to sell or "deliver for value" any alcoholic beverage to any person under the age of eighteen. Pursuant to La.R.S. 14:91.1 and 91.2, it is unlawful for anyone seventeen years of age or younger to purchase or possess any alcoholic beverage. Pursuant to La.R.S. 14:91.3, it is unlawful for any adult to purchase any alcoholic beverage on behalf of any person under eighteen. Pursuant to La.R.S. 14:91.5, it is unlawful for any person eighteen years of age or older and under twenty-one years of age to purchase or have public possession of any alcoholic beverage. Pursuant to La.R.S. 26:90(A)(1) and 286(A)(1), it is unlawful for any person holding a retail dealer's alcoholic beverage permit to sell or serve alcoholic beverages to any person under the age of eighteen years.
An analysis of what the petitions do not allege is helpful in determining if the petitions state a cause of action with what they do allege.
The allegations of the plaintiffs' petitions do not show a violation of any of these statutes by NG. It is not alleged that NG sold, delivered for value or served alcoholic beverages to Lin and Garafola. It is not alleged that Lin and Garafola are under eighteen years of age; instead, the petitions allege Lin and Garafola are of "lawful age" or "the full [legal] age of majority". Had the petitions alleged the unlawful sale or service of alcoholic beverages to minors, they may have stated causes of action. See, for example, Edson v. Walker. However, they did not. The petitions allege Lin and Garafola (persons of full, legal or lawful age) consumed alcoholic beverages in NG's parking lot located on Staring Lane, and, subsequently, while operating their vehicles under the influence of alcoholic beverages, were involved in an accident near the 2400 block of Drusilla Lane. The plaintiffs have cited no authority to us, and we have found none, that prohibits NG from allowing the consumption of alcoholic beverages in its parking lot by a person of lawful (legal or full) age.
Even if NG sold, served or furnished alcoholic beverages to Lin and Garafola, it would not be liable in tort to third persons injured by them off the NG premises. In La.R.S. 9:2800.1, the legislative branch of Louisiana state government enacted the following statement of public policy:
§ 2800.1. Limitation of liability for loss connected with sale, serving, or furnishing of alcoholic beverages
A. The legislature funds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.

B. Notwithstanding any other law to the contrary, no person holding a permit under either Chapter 1 or Chapter 2 of Title 26 of the Louisiana Revised Statutes of 19501, nor any agent, servant, or employee of such a person, who sells or serves intoxicating beverages of either *761 high or low alcoholic content to a person over the age for the lawful purchase thereof, shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served.

C. (1) Notwithstanding any other law to the contrary, no social host who serves or furnishes any intoxicating beverage of either high or low alcoholic content to a person over the age for the lawful purchase thereof shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were served or furnished.

(2) No social host who owns, leases, or otherwise lawfully occupies premises on which, in his absence and without his consent, intoxicating beverages of either high or low alcoholic content are consumed by a person over the age for the lawful purchase thereof shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person who consumed the intoxicating beverages.
D. The insurer of the intoxicated person shall be primarily liable with respect to injuries suffered by third persons.
E. The limitation of liability provided by this Section shall not apply to any person who causes or contributes to the consumption of alcoholic beverages by force or by falsely representing that a beverage contains no alcohol.
1 R.S. 26:1 et seq. and 26:241 et seq. (Emphasis added)
See, Boudreaux v. Delchamps, Inc., 567 So.2d 700 (La.App. 3rd Cir.), writ denied, 571 So.2d 629 (La.1990). Cf. Bertrand v. Kratzer's Country Mart, 563 So.2d 1302 (La.App. 3rd Cir.), writ denied, 569 So.2d 959 (La.1990); Freeman v. Estate of Young, 552 So.2d 1285 (La.App. 5th Cir. 1989), writ denied, 556 So.2d 1281 (La. 1990). In La.R.S. 9:2800.1(A), the legislature has stated that the consumption of alcoholic beverages, not the sale, service or furnishing of such beverages, is the proximate (legal) cause of any injury inflicted by an intoxicated person (Lin and Garafola) upon another person. In this legal posture, any legal duty not to sell, serve or furnish alcoholic beverages to Lin and Garafola would not include within the ambit of its protection the risk that they would inflict injury upon another person off the premises. Although it is not alleged that NG sold, served or furnished alcoholic beverages to Lin and Garafola, by analogy, we will extend the public policy stated in La.R.S. 9:2800.1(A) to the factual situation in the instant case. The fact that NG did not prohibit Lin and Garafola from engaging in the consumption of alcoholic beverages in its parking lot is less onerous than selling, serving or furnishing alcoholic beverages to them in the parking lot.

NG's Duty to Keep Lin and Garafola from Leaving the Premises
The plaintiffs have cited no authority to us, and we have found none, that would give NG the authority to keep Lin and Garafola from leaving the NG premises when they chose to do so under the facts alleged. It is not alleged that NG had the police power or that their security personnel did. See, for example, Persilver v. City of Franklin, 592 So.2d 1344 (La.App. 1st Cir.1991). Further, the petitions allege only the noncriminal conduct that Lin and Garafola consumed alcoholic beverages in the NG parking lot; they do not allege that Lin and Garafola drove while intoxicated in the NG parking lot or that NG knew or should have known that Lin and Garafola were driving while intoxicated in the NG parking lot. Under the facts alleged, NG had no duty to prohibit Lin and Garafola from leaving the NG parking lot. See, for example, Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Brown v. *762 Wolfe, 525 So.2d 355 (La.App. 1st Cir.), writ denied, 530 So.2d 569 (La.1988).

Conclusion
The petitions of the plaintiffs do not state a cause of action because the facts alleged in them do not show that NG owed a duty or duties to the plaintiffs. The judgment of the trial court is correct. The assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. The plaintiffs-appellants are cast for the cost of these appeals.
AFFIRMED.
NOTES
[1] The petitions in the Frey and Uhrbach cases are similar to the Brunson case.