615 So.2d 1047 (1993)
Kelly J. BOURGEOIS, Plaintiff and Appellant,
v.
Frank P. PUGLISI, Sr., Scottsdale Insurance Company & Michael Nelson d/b/a Rathskeller Lounge and Louisiana Insurance Guaranty Association, Defendant and Appellee.
No. 92 CA 0210.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
R. Scott Ramsey, Jr., and Anthony Thibodeaux, Berwick, for plaintiff and appellant.
Christopher R. Philipp, Jamison & Philipp, Lafayette, for Frank P. Puglisi, Sr., and Fidelity Fire & Cas. Ins. Co.
Raymond P. Augustin, Jr., Kiefer & Augustin, Meatirie, for Scottsdale Ins. Co. and Michael Nelson d/b/a Rathskeller Lounge.
Donna Adorno, Staff Atty., State of La., Dept. of Health and Hospitals Bureau of Legal Services, Baton Rouge, for State of La., Dept. of Health and Hospitals.
Allen A. McElroy, Jr., Berwick, for Michael Nelson d/b/a The Rathskeller Lounge.
Before WATKINS, CRAIN and GONZALES, JJ.
*1048 CRAIN, Judge.
This is an appeal from a summary judgment rendered in favor of defendant tavern owner and his insurer.
Frank P. Puglisi, Sr. was employed fulltime as an engineer by Oceaneering International, which job entailed working offshore. When not offshore, Puglisi resided in Morgan City. When staying in Morgan City approximately two to three afternoons a week Puglisi did maintenance work (grass cutting, painting, repair work) at the Rathskeller Lounge for Michael Nelson, owner and operator of the lounge. In lieu of receiving wages for the work he performed, a credit was applied to Puglisi's running bar tab at the Rathskeller. On the evening of November 15, 1989, Puglisi arrived at the Rathskeller at 7:30 p.m.; left at 9:00 or 9:30 p.m.; returned at 10:00 p.m. and left at 1:25 a.m. While driving home, at approximately 1:30 a.m., Puglisi's vehicle entered the eastbound lane of U.S. Highway 90 and struck a vehicle driven by Kelly J. Bourgeois. Bourgeois was injured as a result of the accident.
During the evening of the 15th and morning of the 16th Puglisi consumed numerous alcoholic beverages at the Rathskeller. He had returned to Morgan City from offshore approximately three days earlier. He stated that he had not done any maintenance work for Nelson at the Rathskeller during this period of time. He had frequented the Rathskeller for several years because his girlfriend was the tavern manager and many of his friends from work regularly patronized the bar to drink, socialize and shoot pool.
Bourgeois instituted this action against Puglisi and Fidelity Fire & Casualty Insurance Co., Puglisi's insurer. Michael Nelson, d/b/a The Rathskeller Lounge (Nelson) and Scottsdale Insurance Co. (Scottsdale) were named as additional defendants by supplemental and amending petition.
Nelson and Scottsdale filed a motion for summary judgment which was subsequently rendered in their favor. Bourgeois has appealed. The sole issue for review is whether the trial court correctly granted summary judgment.
A motion for summary judgment should be granted where there is no genuine issue of fact and the movant is entitled to judgment as a matter of law. La.C.C.P. art. 966. Hollis v. City of Baton Rouge/Parish of East Baton Rouge, 593 So.2d 388 (La.App. 1st Cir.1991). There is no genuine issue of material fact. Plaintiff introduced no affidavits or depositions which counter Puglisi's contention by deposition and Nelson's affidavit that Puglisi was not within the course and scope of employment by Nelson at the time of the accident. As a result the employer is not vicariously liable. Consequently, we must determine whether as a matter of law defendants can otherwise be held liable.
Defendants assert that pursuant to La. R.S. 9:2800.1(A) and (B) they are absolved of liability to Bourgeois for the injuries sustained as a result of Puglisi's intoxication. Bourgeois contends that as a matter of public policy La.R.S. 9:2800.1 should not absolve a tavern owner/employer of liability to a third party when such employer "pays his employee with the consumption of intoxicating beverages rather than monetary wages, and then permits that employee to leave the workplace while operating a motor vehicle under the influence and the employee then causes an accident in which the consumption of intoxicating substances was a cause in fact."
Prior to the enactment of La.R.S. 9:2800.1 the legislature was silent regarding the issue of "Dram Shop" liability. The jurisprudence refused to impose absolute or strict liability upon a person furnishing alcoholic beverages for the consequences of a patron's intoxication. The consumption of alcohol, not its sale or serving, was considered to be the proximate cause of an alcohol related injury. However, a duty under La.C.C. art. 2315 was placed upon a bar owner to avoid affirmative acts which increase peril to an intoxicated patron. Thrasher v. Leggett, 373 So.2d 494 (La.1979).
The duty owed by an employer to an inebriated employee was found to be the same as that owed by a tavern owner to an *1049 inebriated patron, i.e., to avoid affirmative acts which increase the risk of peril to an intoxicated person. The same duty applied even if the employer furnished liquor to the employee at an event sponsored solely for the benefit of the employer's business. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). Unless an employer were to require an employee to become intoxicated or possibly to perform an affirmative act to increase the peril caused by the employee's condition an employer would not be liable for acts of its employee performed outside the course and scope of employment. LeBlanc v. Adams, 510 So.2d 678 (La.App. 4th Cir.), writ denied, 514 So.2d 458 (La.1987).
The Legislature enacted La.R.S. 9:2800.1 effective June 6, 1986 to limit liability for social hosts, or persons who sell or serve intoxicating beverages, for any injury inflicted by the intoxicated person upon himself or others. Enactment of this statute evidences legislative intent to retain the prior jurisprudence which held that the consumption of alcohol not the selling or serving of alcohol was the legal cause of an alcohol related injury. See Edson v. Walker, 573 So.2d 545 (La.App. 1st Cir.), writ denied, 576 So.2d 34 (La.1991).
La.R.S. 9:2800.1 provides in part as follows:
Sec. 2800.1. Limitation of liability for loss connected with sale, serving, or furnishing of alcoholic beverages
A. The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.
B. Notwithstanding any other law to the contrary, no person holding a permit under either Chapter 1 or Chapter 2 of Title 26 of the Louisiana Revised Statutes of 1950, nor any agent, servant, or employee of such a person, who sells or serves intoxicating beverages of either high or low alcoholic content to a person over the age for the lawful purchase thereof, shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served.
The limitation of liability does not apply where the liquor is furnished to minors, La.R.S. 9:2800.1(B), (C), or to any person who causes or contributes to the consumption of alcoholic beverages by force or by falsely representing that a beverage contains no alcohol. La.R.S. 9:2800.1(E). Plaintiff does not allege these exceptions to be applicable to the defendants in this action.
We need not determine whether enactment of La.R.S. 9:2800.1 abolished the duty to avoid affirmative acts which increase the peril to either the intoxicated person or to third parties. See, e.g. Boudreaux v. Delchamps, Inc., 567 So.2d 700 (La.App. 3d Cir.), writ denied, 571 So.2d 629 (La.1990); Freeman v. Estate of Young, 552 So.2d 1285 (La.App. 1st Cir.1989), writ denied, 556 So.2d 1281 (La.1990).
Applying a duty risk analysis to the case before us, we conclude that the duty not to sell, serve or furnish alcoholic beverages to Puglisi does not include within the ambit of its protection the risk that Puglisi would injure a third person off the premises. See Uhrbach v. Lin, 601 So.2d 755 (La.App. 1st Cir.1992), writ denied, 604 So.2d 1310 (La.1992). Neither are the acts of crediting Puglisi's bar tab for the amount of the wages earned and allowing him to leave the bar in an intoxicated condition in violation of that duty. See Uhrbach v. Lin, 601 So.2d at 764-765; Brown v. Wolfe, 525 So.2d 355 (La.App. 1st Cir.), writ denied, 530 So.2d 569 (La.1988).
Plaintiff has cited no authority and we have found none which would except the employer from the limitation of liability pursuant to La.R.S. 9:2800.1 and the policy decision to hold the consumer of alcoholic beverages responsible for injuries and damages caused by the intoxicated person. Accordingly, *1050 the summary judgment is affirmed. Costs are assessed against appellants.
AFFIRMED.