773 So.2d 826 (2000)
Nick PHIPPS
v.
BRUNO CONSTRUCTION, Hebert Janitorial & Property Managers of Lafayette.
No. 00-0480.
Court of Appeal of Louisiana, Third Circuit.
November 2, 2000.
*827 William H. Goforth, Lafayette, Louisiana, Counsel for Appellant/Nick Phipps.
Patrick F. Robinson, Baton Rouge, Louisiana, Counsel for Appellees/Bruno Construction & Employers Insurance of Wausau.
(Court composed of NED E. DOUCET, Jr., Chief Judge, OSWALD A. DECUIR, and ELIZABETH A. PICKETT, Judges).
DOUCET, Chief Judge.
Claimant, Nick Phillips, appeals a judgment of a workers' compensation judge denying his request for workers' compensation benefits. We affirm.

FACTS
It is undisputed that on Saturday, September 12, 1998, Claimant's employer, Lafair Hebert, bought beer for his employees while they were renovating a school and gymnasium in Broussard, Louisiana. Mr. Phipps became intoxicated, and as he rode his bicycle home, Claimant was struck by a hit-and-run driver and seriously injured. The issue before the workers' compensation judge was the following: "Was Claimant in the course and scope of his employment when he was struck and injured by the hit-and-run driver?" The workers' compensation judge found Claimant was not in the course and scope of his employment and denied benefits. Claimant appeals.
*828 LAW AND DISCUSSION
In Johnson v. Transamerican Waste Co., 99-190, p. 4 (La.App. 3 Cir. 6/2/99); 741 So.2d 764, 767, we stated:
An appellate court may not set aside the factual findings of a workers' compensation judge in the absence of manifest error or unless it is clearly wrong. Wackenhut Corrections Corp. v. Bradley, 96-796 (La.App. 3 Cir. 12/26/96), 685 So.2d 661.... Deference is due to the factfinder's determinations regarding the credibility of witnesses "for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." Wackenhut Corrections Corp., 685 So.2d at 663 (quoting Rosell v. ESCO, 549 So.2d 840, 844 (La.1989)).
The Louisiana Supreme Court, in Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, pp. 7-8 (La.7/1/97), 696 So.2d 551, 556, reminded reviewing courts of the principles governing a manifest error review:
In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Freeman [v. Poulan/Weed Eater], 93-1530 at p. 5 [(La.1/14/94)], 630 So.2d [733] at 737-738; Stobart v. State, 617 So.2d 880, 882 (La.1993); Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 882. Thus, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La. 1990).
With those principles in mind, we proceed with the review of the case on appeal.
In analyzing the question before this court we have used a two step analysis. First, we addressed the question "Would Claimant have been in the course of his employment if he had been injured on the way home and had been sober?" The answer to this question is a resounding "No." In Kennedy v. Martin Gas Trans. Co., Inc., 96-100, p. 4 (La.App. 3 Cir. 8/21/96); 680 So.2d 1195, 1197, writ denied, 96-2838 (La.1/24/97); 686 So.2d 860, a panel of this court stated the following:
Generally, an employee who has an accident while traveling to and from work is not in the course and scope of employment and, thus, is not entitled to worker's compensation benefits. See Stephens v. Justiss-Mears Oil Co., 312 So.2d 293 (La.1975); Tucker v. Northeast Louisiana Tree Service, 27,768 (La. App. 2 Cir. 12/6/95), 665 So.2d 672, writ denied, 96-63 (La.3/8/96), 669 So.2d 404; writ not considered, 96-100 (La.3/8/96), 669 So.2d 404; Dupre v. Exxon Pipeline Co., 93-1528 (La.App. 3 Cir. 6/1/94), 638 So.2d 1118, writ denied, 94-2200 (La.11/18/94), 646 So.2d 379; Folse v. American Well Control, 536 So.2d 686 (La.App. 3 Cir.1988), writ denied, 538 So.2d 592 (La.1989). "This rule is premised on the theory that ordinarily the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work." Yates v. Naylor Industrial Services, Inc., 569 So.2d 616, 619 (La.App. 2 Cir.1990), writ denied, 572 So.2d 92 (La. 1991). "Moreover, an employee's place of residence is a personal decision not directly controlled by the employer, and treating commuting time as part of the determination of course and scope of employment would remove manageable boundaries from the determination." Orgeron ex rel. Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224, 227. Requiring an employee to show up for *829 work does not make the employee's transportation incidental to the employment contract. Guidry v. Chevron U.S.A., Inc., 461 So.2d 625 (La.App. 1 Cir.1984).
Vaughan v. Hair, 94-86, p. 4 (La. App. 3 Cir. 10/5/94); 645 So.2d 1177, 1180, writ denied, 95-0123 (La.3/10/95); 650 So.2d 1186, explains the exceptions to the general rule:
The jurisprudence has outlined three exceptions to the above rule. An accident may be held to be within the course and scope of the employee's employment if (1) the employer provides the transportation the employee uses to go to and from work; (2) the employer provides expenses or wages for the time spent traveling in the vehicle; or (3) if the operation of the motor vehicle is incidental to or is actually the performance of some employment responsibility. See Castille v. All American Insurance Company, 550 So.2d 334 (La.App. 3d Cir.1989), writ denied, 556 So.2d 1261 (La.1990); Castille v. Sibille, 342 So.2d 279 (La.App. 3d Cir.1977).
Clearly none of these exceptions is applicable to the case sub judice.
Our final inquiry concerns the effect of Claimant's employer providing alcohol to his employee on the work site. Once again we turn to Vaughan:
We now turn to [ ... ] the question of whether Chemical Control was negligent in furnishing alcohol to its employees or in permitting them to consume alcohol on its premises.
Chemical Control contends that it is entitled to the limitation of liability enacted in 1986 in favor of a tavern owner or social host who sells, serves or furnishes alcoholic beverages to one who can lawfully purchase them. La.R.S. 9:2800.1.
A concise history of the law of dramshop liability in Louisiana, particularly regarding an employer's liability, is found in Bourgeois v. Puglisi, 615 So.2d 1047 (La.App. 1st Cir.1993):
Prior to the enactment of La.R.S. 9:2800.1 the legislature was silent regarding the issue of "Dram Shop" liability. The jurisprudence refused to impose absolute or strict liability upon a person furnishing alcoholic beverages for the consequences of a patron's intoxication. The consumption of alcohol, not its sale or serving, was considered to be the proximate cause of an alcohol related injury. However, a duty under La.C.C. art. 2315 was placed upon a bar owner to avoid affirmative acts which increase peril to an intoxicated patron. Thrasher v. Leggett, 373 So.2d 494 (La.1979).
The duty owed by an employer to an inebriated employee was found to be the same as that owed by a tavern owner to an inebriated patron, i.e., to avoid affirmative acts which increase the risk of peril to an intoxicated person. The same duty applied even if the employer furnished liquor to the employee at an event sponsored solely for the benefit of the employer's business. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). Unless an employer were to require an employee to become intoxicated or possibly to perform an affirmative act to increase the peril caused by the employee's condition an employer would not be liable for acts of its employee performed outside the course and scope of employment. LeBlanc v. Adams, 510 So.2d 678 (La. App. 4th Cir.), writ denied, 514 So.2d 458 (La.1987).
615 So.2d at pgs. 1048-49.
Effective June 6, 1986, the legislature enacted La.R.S. 9:2800.1 to limit liability for social hosts, or persons who sell or serve intoxicating beverages, for any injury inflicted by the intoxicated person upon himself or others. That statute provides in part:

*830 § 2800.1. Limitation of liability for loss connected with sale, serving, or furnishing of alcoholic beverages
A. The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.
[. . .]
C. (1) Notwithstanding any other law to the contrary, no social host who serves or furnishes any intoxicating beverage of either high or low alcoholic content to a person over the age for the lawful purchase thereof shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were served or furnished.
[. . .]
E. The limitation of liability provided by this Section shall not apply to any person who causes or contributes to the consumption of alcoholic beverages by force or by falsely representing that a beverage contains no alcohol. (Footnote omitted).
This statute codifies the policy statement in Thrasher v. Leggett, 373 So.2d 494 (La.1979) that the consumption of alcoholic beverages, rather than the sale or serving of such beverages is the proximate cause of injuries inflicted by an intoxicated person upon himself or upon others. The statute not only codifies Thrasher, it further restricts the liability of retailers and social hosts because it does not impose liability for an affirmative act which increases the peril of intoxication. See Freeman v. Estate of Young, 552 So.2d 1285 (La.App. 5th Cir. 1989), writ denied, 556 So.2d 1281 (La. 1990); Bertrand v. Kratzer's Country Mart, 563 So.2d 1302, 1303 (La.App. 3d Cir.), writ denied 569 So.2d 959 (La. 1990).
[. . .]
Even if § 9:2800.1 did not apply in this case, the law governing Chemical Control's conduct could be found in prior jurisprudence such as LeBlanc v. Adams, 510 So.2d 678 (La.App. 4th Cir.), writ denied, 514 So.2d 458 (La. 1987) and Brown v. Wolfe, 525 So.2d 355 (La.App. 1st Cir.), writ denied 530 So.2d 569 (La.1988). Those cases held that an employer who provided his employees with intoxicating beverages had a standard of care no higher than that of a tavern owner, i.e., to avoid affirmative acts which increase the peril of intoxication. Simply permitting an intoxicated person to leave the premises was not such an act. Brown, 525 So.2d at 357.
Id. at pp. 5-8; 645 So.2d at 1181-83. See also Bell v. Hurstell, 99-1333 (La.App. 4 Cir. 6/16/99); 743 So.2d 720, writ denied, 99-2021 (La.10/29/99); 748 So.2d 1165.
We find no reason to deviate from our holding in Vaughan in the case sub judice. The employer's acts of buying alcoholic beverages and of permitting his employee to consume liquor on the job site did not serve to bring Claimant under employer's control at the time of the accident and did not subject Mr. Phipps' employer to liability under the workers' compensation statutes.
Accordingly, for the reasons stated, the judgment of the workers' compensation judge is affirmed. Inasmuch as Claimant is a pauper, we will pretermit the assessment of costs.
AFFIRMED.