# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 07-1605


**KEITH ROY, ET AL.**

**VERSUS**

**KYRLES, INC., ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2007-0249-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**


**Louis C. LaCour**
**Raymond Peter Ward**
**Adams and Reese, LLP**
**701 Poydras St., Suite 4500**
**New Orleans, LA 70139**
**(504) 581-3234**
**Counsel for Defendants/Appellees:**
**Kyrles, Inc.**
**Kent Juneau**

**Kris Allan Perret, Esq.**
**Attorney at Law**
**123 St. Ferdinand St.**
**Baton Rouge, LA 70802**
**Counsel for Plaintiffs/Appellants:**
**Keith Roy**
**Dorothy Roy**

**SAUNDERS, Judge.**

Plaintiffs seek a money judgment against the owner, manager, and bartender of a bar on account of their alleged negligence in serving alcohol to two customers who, shortly after leaving the bar, were involved in a one car accident. The driver, who was killed in the accident, was twnety-one years of age.

The bar owner filed two pleadings, a peremptory exception of no cause of action and a motion for summary judgment. Both pleadings were founded on La.R.S. 9:2800.1 that grants civil immunity to a bar and its personnel for damage caused off premises by a customer's intoxication, provided that the customer was of a legal drinking age.

The trial court denied the exception but granted the motion for summary judgment. Although not all defendants appeared or joined in the motion, plaintiffs stipulated that the judgment of dismissal should apply to all defendants, to enable their appeal. The trial court signed a judgment dismissing the suit in its entirety. Plaintiffs appealed. We affirm with all costs of this appeal to be paid by plaintiffs.

**FACTS AND PROCEDURAL HISTORY:**

Blake K. Roy ("Roy") and Justin Parsley ("Parsley") were patrons at Kyrles bar located in Avoyelles Parish on the evening of March 4, 2006, and leading into the morning of March 5, 2006. Roy was twenty-one years of age with Parsley twenty years of age. Neither Roy nor Parsley were asked for identification before they entered Kyrles or before they were served alcoholic beverages. Moreover, Roy and Parsley were also served more alcoholic beverages after they appeared to be intoxicated and after the Avoyelles Parish mandated closing time of 3:00 am.

Roy and Parsley left Kyrles in a Cadillac owned and driven by Roy. They subsequently were involved in a one-car accident. Roy died as a result of the injuries

he sustained in the accident while Parsley sustained his own personal injuries.

Kyrles bar is owned by Kyrles, Inc. Since the 1970s, Kyrles, Inc. has maintained a permit to sell alcoholic beverages for consumption on the premises with both the State of Louisiana and Avoyelles Parish. Both licenses were in effect on March 4 and 5, 2006.

Roy's surviving parents bought a wrongful death/survival action against Kyrles, Inc., Kent Juneau (alleged manager of Kyrles), Blake Kendall (alleged bartender that served Roy and Parsley drinks) and two other defendants (collectively "defendants"). Parsley also joined the suit in an attempt to recover for his own personal injuries. Roy's parents and Parsley (collectively "plaintiffs") alleged that Kyrles bar and its personnel were at fault for serving drinks to Parsley even though he was under the age of twenty-one, continuing to serve drinks to Roy and Parsley after they became intoxicated, and continuing to serve the two drinks after 3:00 am.

In response, defendants pled a peremptory exception of no cause of action and filed a motion for summary judgment. Following a hearing, the trial court denied defendants' exception, but granted their motion for summary judgment based upon La.R.S. 9:2800.1 and dismissed plaintiffs' case with prejudice. Plaintiffs appealed, alleging two assignments of error.

**ASSIGNMENTS OF ERROR:**

1. Did the trial court commit legal error in granting defendants' exception of no cause of action?

2. Did the trial court commit legal error in granting defendants' motion for summary judgment?

**ASSIGNMENT OF ERROR #1:**

Plaintiffs allege that the trial court committed legal error in granting

defendants' exception of no cause of action. Our review of the record indicates that defendants' exception of no cause of action was denied by the trial court. The judgment of the trial court signed on September 7, 2007, states,"**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the defendant' Exception of No Cause of Action be and hereby is denied." As such, addressing this assignment of error is not necessary.

**ASSIGNMENT OF ERROR #2:**

Plaintiffs allege that the trial court committed legal error in granting defendants' motion for summary judgment. For the following reasons, we find that this assignment of error is without merit.

The standard of review for motions for summary judgment is well established. This court, while addressing the applicable standard in *Spell v. Mallett, Inc.*, 06-1477, pp. 4-5 (La.App. 3 Cir. 5/2/07), 957 So.2d 262, 265, stated the following:

> It is well established that a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. *Palma, Inc., v. Crane Servs. Inc.*, 03-614 (La.App. 3 Cir. 11/5/03), 858 So.2d 772, 774 quoting *Shelton v. Standard 700/Associates*, 01-587, p.5 (La. 10/16/01), 798 So.2d 60, 64-65; La.Code Civ.P. art. 966.
>
> [Louisiana Code Civil Procedure Article 966] was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . . The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art 966(A)(2).
>
> In 1997,the legislature enacted La.Code Civ.P. art. 966(C)(2), which further clarified the burden of proof in summary judgment proceedings. It reads as follows:
>> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion

for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense but rather point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

This amendment parallels the language of *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The amended article places the initial burden of proof on the mover of the motion for summary judgment. If the mover meets this initial burden, the burden of proof then shifts to the nonmoving party that has the burden of proof on this particular issue at trial. This nonmoving party then must put forth evidence that shows he or she will be able to meet that burden at trial. If the nonmoving party cannot, then the motion for summary judgment should be granted. Marist & Lemmon, Louisiana Civil Law Treatise: Civil Procedure §6.8 (1999).

Louisiana Revised Statute 9:2800.1(citations omitted), in pertinent part, states

the following:

A.  The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.

B.  Notwithstanding any other law to the contrary, no person holding a permit under either Chapter 1 or Chapter 2 of Title 26 of the Louisiana Revised Statutes of 1950, nor any agent, servant, or employee of such a person, who sells or serves intoxicating beverages of either high or low alcoholic content to a person over the age for the lawful purchase thereof, shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served.

Here, plaintiffs' cause of action is in tort under La.Civ.Code art. 2315. As such,

whether plaintiffs can recover from defendants is determined under the well

established the duty/risk analysis. When discussing duty/risk analysis, our supreme

4

court, in *Berg v. Zummo*, 00-1699, p.11 (La. 4/25/01), 786 So.2d 708, 715-16 (citing *Roberts v. Benoit*, 605 So.2d 1032, 1051 (La.1991)), stated the following:

> [U]nder the duty/risk analysis, the plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element).

Defendants point out that they need not negate all of the elements of plaintiffs' claims in order to successfully carry a motion for summary judgment. Rather, they argue that if they can show that plaintiffs cannot prove one of the five elements of duty/risk analysis listed above, then their motion must be granted.

Defendants concede, for summary judgment purposes only, that plaintiffs can prove that they had a duty to them, that their conduct breached that duty, that their conduct was "a cause-in-fact of plaintiffs' injuries," and that plaintiffs suffered actual damages. However, defendants argue that La.R.S. 9:2800.1 provides them immunity from a finding that their conduct was a legal cause of the plaintiffs injuries. We agree with the defendants that La.R.S. 9:2800.1 provides them with immunity.

For La.R.S. 9:2800.1 to apply: (1) the bar owner must hold a permit under either Chapter 1 or Chapter 2 of Title 26 of the Louisiana Revised Statutes; (2) the bar owner or its personnel served alcoholic beverages to a person over the lawful drinking age; (3) the purchaser suffered and/or caused another to suffer an injury off the bar's premises; and (4) the injury was caused by the purchaser's intoxication. *Zapata v. Cormier*, 02-1801 (La.App. 1 Cir. 6/27/03), 858 So.2d 601.

Here, all four elements are met. Kyrles established that it is licensed by both

the state and the parish to serve alcoholic beverages on its premises. Roy was over the legal drinking age of twenty-one established by La.R.S. 14:93.11 and 14:93.12. Plaintiffs allege that Roy and Parsley were injured off Kyrles' premises. Those injuries suffered were as a result of Roy driving the vehicle while intoxicated.

Plaintiffs argue that La.R.S. 2800.1 does not apply to the case at bar since defendants allegedly sold alcoholic beverages to Roy after he became intoxicated and after the parish-mandated closing time. Plaintiffs contend that these sales were made in violation of state and parish law and, thus, unlawful. As such, plaintiffs conclude that since the sales were unlawful, Roy cannot be of lawful age to make these purchases and, therefore, La.R.S. 9:2800.1 does not apply.

This argument lacks merit as it is contrary to the plain text of La.R.S. 9:2800.1. The phrase "over the age for the lawful purchase thereof" describes the person whom need be served alcohol in order for the immunity to apply. The statute requires compliance with only two laws: the one requiring a permit under Title 26 of the Revised Statutes, and the one establishing this state's legal drinking age. It does not require the bar to comply with every statute, regulation, or ordinance governing the sale or service of alcohol.

Moreover, this court, in *Bertrand v. Kratzer's Country Mart*, 563 So.2d 1302 (La.App. 3 Cir.), *writ denied*, 569 So.2d 959 (La.1990), held that a defendant's service of alcohol to an intoxicated person does not make a defendant liable for damages resulting from an accident caused by the person's intoxication. The result in *Bertrand* was based upon our supreme court's precedent set in *Thrasher v. Leggett*, 373 So.2d 494 (La.1979), and *Sanders v. Hercules Sheet Metal, Inc*, 385 So.2d 772 (La.1980). The enactment of La.R.S. 9:2800.1 is, in effect, a codification of these

6

cases and it encompasses the observance that the state has a clear goal "in narrowing the scope of liability of tavern keepers and social hosts and in allocating consequences of irresponsible drinking to the person doing the drinking." *Schulker v. Roberson*, 91-1228 (La.App. 3 Cir. 6/5/96), 676 So.2d 684, 688.

Accordingly, we find that the trial court correctly granted defendants' motion for summary judgment. Plaintiffs cannot prove an essential element to its theory of recovery, that the defendants' conduct was the legal cause of their damages, due to the statutory immunity granted to defendants under La.R.S. 9:2800.1. As such, we affirm the trial court's judgment.

**CONCLUSION:**

Plaintiffs raised two assignments of error. Addressing the first assignment was unnecessary and we found no merit in the second assignment. Accordingly, we affirm the trial court's judgment and assess all costs of this appeal to the plaintiffs.

**AFFIRMED.**

7